1   JENNIFER SVANFELDT (SB# 233248)
    TERESA W. GHALI (SB# 252961)
2   AMANDA M. OSOWSKI (SB# 317843)
    jensvanfeldt@gbgllp.com
3   teresaghali@gbgllp.com
    amandaosowski@gbgllp.com
4   GBG LLP
    601 Montgomery Street, Suite 1150
5   San Francisco, CA  94111
    Telephone:  (415) 603-5000
6   Facsimile:  (415) 840-7210

7   Attorneys for Defendants
    BUCHER AND CHRISTIAN CONSULTING, INC.
8   and BCFORWARD RAZOR, LLC

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11

12  BRANDON MANGOLD and ANTAR          Case No.
    MORRAR, as individuals and on behalf of all
13  others similarly situated,         **DEFENDANT BCFORWARD RAZOR,
                                        LLC'S NOTICE OF REMOVAL OF
14                Plaintiffs,           CIVIL ACTION TO FEDERAL COURT**

15        vs.
                                        [Santa Clara Superior Court Case
16  BUCHER AND CHRISTIAN               No. 22CV397331]
    CONSULTING, INC.; BCFORWARD
17  RAZOR LLC; GAINWELL
    TECHNOLOGIES; BC FORWARDING
18  LLC; and DOES 1 through 20, inclusive,

19                Defendants.

20

21

22

23

24

25

26

27

28

---

Case No.                                    DEFENDANT'S NOTICE OF REMOVAL TO
                                                           FEDERAL COURT
88950506.1

# NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT Defendant BCForward Razor, LLC ("BCForward" or "Defendant") hereby removes this action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California. Defendant removes this action pursuant to 28 U.S.C. §§ 1332, 1367, 1441(a) and (b), and 1446, for the reasons stated below:

1.      On or about April 27, 2022, Plaintiffs Brandon Mangold and Antar Morrar ("Plaintiffs") filed a Complaint in the Superior Court of the State of California for the County of Santa Clara ("Superior Court") entitled "*Brandon Mangold and Antar Morrar, as individuals and on behalf of all others similarly situated, Plaintiffs, vs. Bucher And Christian Consulting, Inc.; BCForward Razor LLC; Gainwell Technologies; BC Forwarding LLC; and Does 1 through 20, inclusive, Defendants,*" designated as Case No. 22CV397331 (the "Action"). A true and correct copy of Plaintiffs' Class Action Complaint in the Action is attached to the Declaration of Teresa W. Ghali ("Ghali Decl.") as Exhibit A. *See* Ghali Decl. ¶ 3, Exhibit A ("Compl." or "Complaint").[1]

2.      The Complaint alleges the following nine purported causes of action: (1) failure to pay minimum wages in violation of Cal. Lab. Code sections 1182, 1194, 1194.2, 1197 and IWC Wage Order section 3-4; (2) failure to pay overtime wages in violation of Cal. Lab. Code sections 510, 1194, and 1198 and IWC Wage Order section 3; (3) failure to provide meal periods in violation of Cal. Lab. Code sections 226.7 and 512 and IWC Wage Order section 11; (4) failure to permit rest breaks in violation of Cal. Lab. Code section 226.7 and IWC Wage Order section 12; (5) failure to reimburse necessary business-related expenses in violation of Cal. Lab. Code sections 2800 and 2802; (6) failure to provide accurate itemized wage statements in violation of

---

[1] Pursuant to 28 U.S.C. § 1446(a), the Complaint and all other publicly-available process, pleadings, and orders in this action are attached to this Notice as Exhibit A.

Cal. Lab. Code section 226; (7) failure to pay wages timely during employment in violation of Cal. Lab. Code sections 201.3, 204, 210; (8) failure to pay all wages due upon separation of employment in violation of Cal. Lab. Code sections 201, 202 and 203; and (9) unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code section 17200, *et seq.*

3. On May 31, 2022, BCForward's agent for services of process was served with the Summons and Complaint. *See* Ghali Decl. ¶ 4, Exhibit B.

4. On May 31, 2022, Bucher and Christian Consulting, Inc.'s agent for services of process was served with the Summons and Complaint. *See* Ghali Decl. ¶ 4, Exhibit B.

5. On May 31, 2022, Gainwell Technologies LLC's agent for services of process was served with the Summons and Complaint. *See* Ghali Decl. ¶ 4, Exhibit B.

6. Defendants Does 1 through 20 allegedly are unnamed and unknown, and therefore have not been served with the Complaint. *See* Compl. ¶ 12.

7. Defendants BCForward, Bucher and Christian and Gainwell each filed an Answer in response to Plaintiffs' Complaint on June 28, 2022. *See* Ghali Decl. ¶ 5, Exhibit C.

8. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiffs' counsel and filed with the Clerk of the Santa Clara County Superior Court. True and correct copies of the Notice to Superior Court of Removal to Federal Court and Notice to Adverse Parties of Removal to Federal Court are attached to the Ghali Decl. as Exhibits D and E, respectively. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

9. This Notice of Removal is timely. It is filed within thirty (30) days of receipt of the original Complaint, making this matter removable pursuant to 28 U.S.C. § 1446(b).

10. Venue is set in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

11. This Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) on the following grounds.

12.     Defendants Bucher and Christian Consulting, Inc. and Gainwell Technologies LLC join in and consent to the removal of this action.

13.     Defendant BC Forwarding, LLC is an unknown, unaffiliated entity that has no place in this action.  Declaration of Sonya Hawkins in Support of Defendants' Notice of Removal ("Hawkins Declaration"), ¶ 6; Declaration of Jefferson Blandford ("Blandford Decl."), ¶ 7.  There is no separate entity called "BC Forwarding, LLC" that is connected to Defendants, and no affiliate, associate, subsidiary or parent company uses "BC Forwarding, LLC" as its official legal name.  *Id.*  Nor is there any entity called "BC Forwarding, LLC" connected to the Defendants in any manner that is incorporated or headquartered in California.  *Id.*  The consent of BC Forwarding, LLC is not necessary to remove because it has no interest in this action and is therefore a nominal party and/or it is a sham or fraudulently-joined defendant, named by Plaintiffs solely in an attempt to defeat diversity.  *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013) ("'The nominal party exception' to consent to removal ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case; this exception helps to prevent a party from overriding congressionally prescribed bases for removal through strategic pleading"; "the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way."); *cf McCabe v. Gen. Foods Corp.,* 811 F.2d 1336 (9th Cir. 1987) (where discharged employee failed to state cause of action against individual supervisors under California law, supervisors' joinder to employer as defendants was sham and their presence did not destroy diversity); *Walker v. Aetna Health & Life Ins. Co..,* No. 121CV00156AWIBAM, 2021 WL 2661449, at *6 (E.D. Cal. June 29, 2021) (finding fraudulent joinder where "there are no facts on the record supporting the conclusion that any Entity Defendant other than Aetna Resources, LLC was Plaintiff's employer").  Here, BC Forwarding, LLC has no affiliation with any of the other defendants.  Accordingly, this suit "can be resolved

//

//

//

without affecting" BC Forwarding LLC "in any reasonably foreseeable way." *Hartford*, 735

F.3dat 260.[2]

**REMOVAL BASED ON CLASS ACTION FAIRNESS ACT OF 2005 (28 U.S.C. § 1332(d))**

1.     This Action is properly removed to this Court under the rules for diversity of

citizenship jurisdiction under the Class Action Fairness Act of 2005, Pub. L. 109-2, §4(a), 119

Stat. 9.

2.     The Class Action Fairness Act of 2005 amended 28 U.S.C. § 1332 to provide that

a putative class action is removable to federal court if: (1) the proposed class members number at

least 100; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and

(c) any member of a class of Plaintiff is a citizen of a state different from that of any defendant.

3.     Plaintiffs' Complaint is pled as a putative class action by which Plaintiffs seek to

represent "all California citizens currently or formerly employed by Defendant as non-exempt

employees in the State of California at any time between May 1, 2019 and the date of class

certification." Compl. ¶ 20.

4.     There are at least 660 individuals who were employed in non-exempt hourly

positions by BCForward in California between May 1, 2019 and April 30, 2022.  Hawkins

Declaration ¶ 11.  Therefore, the requirement that the proposed class consist of at least 100

members is satisfied.

5.     Furthermore, jurisdiction under CAFA is proper because the named Plaintiffs in

this action are all citizens of California within the meaning of 28 U.S.C. section 1332.  *See*

Compl. ¶ 10 ("Plaintiffs are residents of California and worked for Defendants in California

during the relevant time periods as alleged herein.").  Plaintiffs, who allege that they are non-

---

[2] It is possible that Plaintiffs named BC Forwarding, LLC as a defendant because its name is
similar to properly-named Defendant, BCForward Razor LLC.  But to be clear, there is no
relationship between these two entities, and BCForward Razor LLC has no reason to believe that
BC Forwarding LLC ever employed Plaintiffs in any capacity, and thus, BC Forwarding LLC has
no place in this action.  Hawkins Dec. ¶ 6; *cf Zaklit v. Glob. Linguist Sols., LLC*, No.
CV1308654MMMMANX, 2014 WL 12521725, at *13 (C.D. Cal. Mar. 24, 2014) (finding
"persuasive evidence in the record that AECOM is a 'sham' defendant,'" where it was "a
separate entity, distinct from AECOM NSP," had no connection with plaintiffs, and "Defendants
surmise that plaintiffs must have mistakenly named AECOM instead of AECOM NSP.  It is
obvious that the two companies have similar names; thus, plaintiffs could have confused the
entities.").

exempt employees (*id.* ¶¶ 26, 27) and therefore are members of the putative class they seek to represent, also had California home addresses during their employment with Defendants.  See Hawkins Decl. ¶ 6; *see also* Compl. ¶ 10.

6.      BCForward is a limited liability company.  Limited liability companies "have the citizenship of all their owners/members . . . for diversity of citizenship under 28 U.S.C. § 1332." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006). BCForward is a single member entity and its parent is Bucher and Christian Consulting, Inc. Hawkins Decl. ¶ 3.  The Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Court held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.* at 92-93 (quoting 28 U.S.C. § 1332(c)(1)).  The court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination."  *Id.* at 93; *see also Montrose Chem. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

7.      In this case, BCForward was formed in Indianapolis, Indiana where its principal place of business and company offices and headquarters are located.  BCForward is a single-member limited liability company that is wholly owned by its parent company, Defendant Bucher and Christian Consulting, Inc.  Hawkins Decl. ¶ 3.

8.      Defendant Bucher and Christian Consulting, Inc. is a corporation with its headquarters in Indianapolis, Indiana and is incorporated in the State of Indiana.  Hawkins Decl. ¶ 4.

9.      Bucher and Christian's executive and administrative functions are centralized in

Indianapolis, Indiana, which houses its corporate headquarters.  Hawkins Decl. ¶ 5.  The day-to-day management of Defendants BCForward and Bucher and Christian's businesses is performed and managed in Indianapolis, Indiana.  Policy decisions for both BCForward and Bucher and Christian are made in Indianapolis, Indiana.  Specifically, Bucher and Christian, by and through its high ranking officers and its supporting management personnel whose offices are located in Indianapolis, Indiana, directs, controls and coordinates activities for itself and BCForward which include the following: (1) matters relating to the financing of operations; (2) advertising and marketing of services; (3) directing general business and operations; (4) compliance with state and federal laws and legal services associated with such matters; and (5) the size and composition of Defendants' workforces.  The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters office in Indianapolis, Indiana, are maintained at that office.  *Id*.  Therefore, BCForward is a citizen of Indiana.

10.     Defendant Gainwell Technologies LLC ("Gainwell") is a limited liability company.  Blandford Decl. ¶ 4.  Gainwell's sole member is Gainwell Acquisition Corp., which is incorporated in the State of Delaware and maintains its corporate headquarters in Conway, Arkansas.  Blandford Decl., ¶¶ 4-5.  Therefore, Gainwell is a citizen of Delaware and Arkansas.

11.     The presence of Doe defendants has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

12.     Finally, while BCForward denies any liability in this case and believes class treatment is completely inappropriate under the circumstances here, for purposes of the jurisdictional requirements for removal only, BCForward has a good faith basis to believe that the allegations in Plaintiffs' Complaint, in which they assert a liability period commencing on May 1, 2019, put in controversy, in the aggregate, an amount that exceeds $5 million, exclusive of interest and costs, based on the following:

a.     Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the

1    matter in controversy exceeds the sum or value of $5,000,000, exclusive of

2    interest and costs."  28 U.S.C. § 1332(d)(6).

3    b.    Between May 1, 2019 and April 30, 2022, approximately 36 months, there

4          were at least 660 individuals employed by BCForward in California as

5          non-exempt hourly employees.  *See* Hawkins Decl. ¶ 11.  Thus, there are at

6          least 660 individuals who fall within the scope of Plaintiffs' alleged class

7          definition and are alleged to be the putative class members in this Action.

8    c.    The average hourly wage rate of a non-exempt hourly employee of

9          BCForward in California between May 1, 2019 and April 30, 2022 was

10         approximately $24.00.  *See* Hawkins Decl., ¶ 12.

11   d.    In the Complaint, Plaintiffs allege that BCForward failed to provide meal

12         and rest breaks, failed to provide accurate wage statements, failed to pay

13         overtime wages, failed to pay minimum wages, failed to pay all wages due

14         at the time of discharge, failed to maintain required records, failed to

15         reimburse employees, and violated California's unfair competition law

16         ("UCL").  *See* Compl., *passim*.  Plaintiffs, on behalf of themselves and

17         those individuals they allege are similarly situated, seek to recover unpaid

18         wages, penalties, restitution, and attorneys' fees against Defendants since

19         May 1, 2019, continuing through the date of certification.  *Id.*  Based on

20         these allegations, the amount Plaintiffs have placed in controversy exceeds

21         $5,000,000, as summarized and explained below.[3]

_____

[3] BCForward discusses below the allegations in Plaintiffs' Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $5,000,000.  In doing so, BCForward does not admit that Plaintiffs and/or the purported class they seek to represent were subject to Labor Code violations, are entitled to any damages or that Plaintiffs will be able to recover on any of their theories of liability (which are not pled in the Complaint).  Nor does BCForward concede that any of Plaintiffs' claims are valid and does not waive any of their defenses. *See e.g. Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense . . . . The district court should not have relied on GeoEx's potential . . . defense to determine the amount in controversy.").  Rather, when assessing the amount in controversy, a court must "'assum[e] that the allegations of the complaint are true and assume [that] a jury [will] return[] a

| Meal and Rest Period Compensation | $3,421,440 |
|---|---|
| Overtime | $237,600 |
| Wage Statement Penalties | $289,800 |
| Waiting Time Penalties | $2,148,480 |
| **TOTAL**[4] | **$6,097,320** |

e.    Meal and Rest Period Compensation:  In the Complaint, Plaintiffs claim

that BCForward systematically denied them and the putative class

members meal periods and did not pay any premium compensation.  *See*

Compl. ¶ 64 (alleging that "[d] the relevant time period, Plaintiffs and

Class Members did not receive compliant meal periods for working more

than five (5) and/or ten (10) hours per day because their meal periods were

missed, late, short, interrupted, and/or they were not permitted to take a

second meal period.); *id.* ¶ 71 (alleging that BCForward "failed to pay

Plaintiffs and Class Members meal period premiums for missed, late, short

and/or interrupted meal periods pursuant to Labor Code § 226.7(b) and

section 11 of the applicable IWC Wage Order.").  Plaintiffs also claim that

BCForward systematically denied them and the putative class members rest

periods.  Compl. ¶¶ 69-71 (alleging that "[d]uring the relevant time period,

Plaintiffs and Class Members did not receive a ten (10) minute rest period

for every four (4) hours or major fraction thereof worked because they

verdict for the plaintiff on all claims made in the complaint.'"  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citation omitted).  Accordingly, this Notice of Removal analyzes the issues Plaintiffs placed into controversy without addressing any available defenses and without any concession of or impact on BCForward's own assessment of the Action.

[4] The total amount in controversy contemplated by Plaintiffs' class claims is actually much higher.  The amount estimated by BCForward does not include damages and penalties for Plaintiffs' alleged claims for unpaid overtime, unpaid minimum wages, untimely payment of wages, or unpaid expense reimbursement.  Nor does this estimate include reasonable attorneys' fees and costs which are also sought by Plaintiffs.  *See* Compl., Prayer ¶ 13.  While BCForward has shown that the amount in controversy exceeds $5 million due to Plaintiffs' meal period, rest break, overtime, wage statement and waiting time penalty claims alone, the actual amount in controversy is even higher.

1  were required to work through their daily rest periods, were not permitted

2  to take timely rest periods, and/or were not authorized to take their rest

3  periods" and that BCForward "failed to pay Plaintiffs and Class Members

4  rest period premiums.")  Assuming that Plaintiffs and the putative class

5  members each missed just three meal periods and three rest periods per

6  month over the course of the liability period, and using an average hourly

7  wage rate of $24.00 an hour, the amount in controversy as to Plaintiffs'

8  meal and rest break claims would be at least **$3,421,440** (6 meal or rest

9  period premiums x $24.00 per hour x 36 months x 660 putative class

10  members).[5]

11        f.    Overtime:  In the Complaint, Plaintiffs allege that Plaintiffs and the

12              putative class members worked in excess of eight (8) hours per work day or

13              forty (40) hours per work week.  Compl. ¶¶ 51, 52.  Specifically, Plaintiffs

14              allege that BCForward "required Plaintiffs and Class Members to work in

15              excess of eight (8) hours in a day, forty (40) hours in a week . . . ."  Based

16              on Plaintiffs' allegation that they and all the alleged class members worked

17              overtime, conservatively assuming that each putative class member

18              conservatively worked only ten hours of overtime during the entire liability

19              period for which they purportedly were not compensated, the amount in

20              controversy as to Plaintiffs' overtime claims would be at least **$237,600.00**

21              (10 hours of overtime x $36.00 per hour[6] x 660 putative class members).

22        g.    Wage Statement Penalties:  In the Complaint, Plaintiffs also allege that

23              BCForward failed to comply with Labor Code § 226(a) on wage statements

24              that were provided to Plaintiffs and Class Members." Compl., ¶ 82.

25

26  [5] Furthermore, if Plaintiffs demonstrate that they and the putative class members each missed five
    meal and five rest breaks per month over the course of the liability period – still a conservative

27  assumption given Plaintiffs' broad pleading of the alleged violations – the amount in controversy
    for this one claim only would be $5,702,400 alone.

28  [6] The overtime rate is calculated by multiplying the average hourly rate of $24.00 by 1.5.

Case No.                        -9-            DEFENDANT'S NOTICE OF REMOVAL TO
                                                        FEDERAL COURT

California law requires employers to provide employees with itemized wage statements that accurately state the gross wages earned, total hours worked, net wages earned, and the name and address of the legal entity that is the employer, among other items.  Cal. Lab. Code § 226.  Employees who suffer injury from an employer that knowingly failed to provide the required itemized wage statements may recover wage statement penalties of $50 for an initial violation and $100 for subsequent violations.  *Id.* § 226(e).  Under California Labor Code section 340(a), the limitations period for wage statement penalties is one year.  Between April 27, 2021 and April 30, 2022, at least 271 putative class members were employed by BCForward in California.  BCForward compensates their employees on a weekly basis.  *Id.*  Those employees worked at least 5,796 workweeks.  Hawkins Decl., ¶ 13.  BCForward denies the validity and merit of Plaintiffs' wage statement claim.  However, for purposes of the amount-in-controversy analysis, the average wage statement penalty, potential liability for Plaintiffs' claim for wage statement penalties amounts to **$289,800** ($50 penalty per wage statement x 5,796 wage statements).

       h.    <u>Waiting Time Penalties</u>: In the Complaint, Plaintiffs also seek statutory waiting-time penalties under California Labor Code section 203.  Compl. ¶ 94 ("Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination."); *see also* Compl. ¶ 21. California law requires employers to pay terminated employees all outstanding wages either immediately (if termination was involuntary) or within three days of notice or the last day of employment, whichever is later (if the employee quits).  Cal. Lab. Code §§ 201, 202.  Employers must pay waiting-time penalties of a full day's pay to employees for every day final pay is late, up to a maximum of 30 days.  *Id.* § 203(a).  Under California Labor Code section 203, the limitations period for waiting-time penalties is three years.

*See Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010) (holding that California Code of Civil Procedure section 338(a)'s three-year statute of limitations applies to claims for willful failure to pay wages upon termination).  Between May 1, 2019 and April 30, 2022, at least 373 putative class members were employed by BCForward in California terminated their employment with BCForward. Hawkins Decl., ¶ 14. Assuming that Plaintiffs and the putative class members can establish just one of the alleged Labor Code violations, the amount in controversy as to the alleged waiting time penalty claim would be **$2,148,480** (30 days x 8 work hours per day x $24.00 per hour x 373 putative class members).

13.     Accordingly, because proposed class members number at least 100, because there is diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, and because the amount in controversy is met, BCForward has satisfied the requirements for removal under 28 U.S.C. § 1332(d).

WHEREFORE, BCForward hereby removes the above action now pending before the Superior Court for the State of California for the County of Santa Clara to this Court.

DATED:  June 29, 2022                      GBG LLP


By:        /s/ Teresa W. Ghali
          TERESA W. GHALI

Attorneys for Defendants
BUCHER AND CHRISTIAN
CONSULTING, INC. and BCFORWARD
RAZOR, LLC