1  JENNIFER SVANFELDT (SB# 233248)
   TERESA W. GHALI (SB# 252961)
2  AMANDA M. OSOWSKI (SB# 317843)
   jensvanfeldt@gbgllp.com
3  teresaghali@gbgllp.com
   amandaosowski@gbgllp.com
4  GBG LLP
   601 Montgomery Street, Suite 1150
5  San Francisco, CA  94111
   Telephone:  (415) 603-5000
6  Facsimile:  (415) 840-7210

7  Attorneys for Defendant
   BUCHER AND CHRISTIAN CONSULTING, INC.,
8  and BCFORWARD RAZOR, LLC

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12 | BRANDON MANGOLD and ANTAR | Case No. |
   | MORRAR, as individuals and on behalf of all | |
13 | others similarly situated, | **DECLARATION OF TERESA W.** |
   | | **GHALI IN SUPPORT OF DEFENDANT** |
14 | Plaintiffs, | **BCFORWARD RAZOR, LLC'S NOTICE** |
   | | **OF REMOVAL OF CIVIL ACTION TO** |
15 | vs. | **FEDERAL COURT** |
16 | BUCHER AND CHRISTIAN | [Santa Clara Superior Court Case |
   | CONSULTING, INC.; BCFORWARD | No. 22CV397331] |
17 | RAZOR LLC; GAINWELL | |
   | TECHNOLOGIES; BC FORWARDING | |
18 | LLC; and DOES 1 through 20, inclusive, | |
19 | Defendants. | |

20

21

22

23

24

25

26

27

28

I, Teresa W. Ghali, declare as follows:

1.      I am an attorney duly licensed to practice before this Court and before all of the Courts of the State of California.  I am of counsel at the law firm of GBG LLP, and counsel of record for Defendants Bucher and Christian Consulting, LLC ("Bucher and Christian") and BCForward Razor, LLC ("BCForward") in this action.

2.      I have personal knowledge of the matters set forth in this declaration or know of them based on my review of documents maintained in the ordinary course of business by GBG LLP and if called as a witness, could and would testify as to their accuracy.

3.      Attached to this declaration as Exhibit A is a true and correct copy of Plaintiffs' Class Action Complaint, filed in the Superior Court of California for the County of Santa Clara on April 27, 2022 (the "Action").

4.      On May 31, 2022, 2022 the Complaint was served on the agent for service of process for Defendants Bucher and Christian, BCForward and Gainwell Technologies, LLC ("Gainwell").  A copy of the Plaintiffs' Proofs of Service as to Bucher and Christian, BCForward and Gainwell are collectively attached hereto as Exhibit B.

5.      On June 28, 2022, Defendants Bucher and Christian, BCForward and Gainwell filed their Answers to the Complaint.  A true and correct copy of Defendants Bucher and Christian and BCForward's Answer to Plaintiffs' Unverified Complaint is attached hereto as Exhibit C.

6.      Attached to this declaration as Exhibits D and E, respectively, are true and correct copies of the Notice to Superior Court and the Notice to Adverse Parties of Filing of Notice of Removal of Civil Action to Federal Court.  To avoid duplication, Exhibits D and E to this Declaration omit the Notice of Removal that was attached as an exhibit to the original Notice to Superior Court and the original Notice to Adverse Parties.

7.      Attached to Defendants' concurrently filed Notice of Removal as Exhibit A is a true and correct copy of all documents served on BCForward in this Action.

8.      Bucher and Christian joins in and consents to the removal of this action.

9.      On May 31, 2022, my office received confirmation from counsel for Gainwell that

it joins in and consents to removal.  On June 24, 2022, Gainwell provided a declaration signed by its Assistant General Counsel Jefferson B. Blandford attesting that Gainwell is a California limited liability company with one member, which is a citizen of Delaware and Arkansas.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 29th day of June, 2022, at Burlingame, California.

_____
TERESA W. GHALI

Exhibit A

1

2

3

4

5

6

7

8

9

10

**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email: jcampbell@aegislawfirm.com

Attorneys for Plaintiffs Brandon Mangold and Antar Morrar, as
individuals, and on behalf of all others similarly situated.

E-FILED
4/27/2022 3:30 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV397331
Reviewed By: R. Walker

11

12

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| 13<br><br>14<br><br>15<br><br>16<br><br>17<br><br>18<br><br>19<br><br>20<br><br>21<br><br>22<br><br>23<br><br>24<br><br>25<br><br>26<br><br>27<br><br>28 | BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>        vs.<br><br>BUCHER AND CHRISTIAN CONSULTING, INC.; BCFORWARD RAZOR LLC; GAINWELL TECHNOLOGIES LLC; BC FORWARDING LLC; and DOES 1 through 20, inclusive,<br><br>                Defendants. |

Case No. **22CV397331**

**CLASS ACTION COMPLAINT FOR:**

1.  Failure to Pay Minimum Wages;

2.  Failure to Pay Overtime Wages;

3.  Failure to Provide Meal Periods;

4.  Failure to Permit Rest Breaks;

5.  Failure to Reimburse Necessary Business-Related Expenses;

6.  Failure to Provide Accurate Itemized Wage Statements;

7.  Failure to Pay Wages Timely During Employment;

8.  Failure to Pay All Wages Due Upon Separation of Employment;

9.  Violation of Business and Professions Code §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

1   Plaintiffs Brandon Mangold and Antar Morrar, individually, and on behalf of others
2   similarly situated, alleges as follows:
3   **NATURE OF ACTION AND INTRODUCTORY STATEMENT**
4   1.   Plaintiffs Brandon Mangold and Antar Morrar ("Plaintiffs") bring this putative
5   class action, pursuant to California Code of Civil Procedure § 382, against defendants Bucher
6   and Christian Consulting, Inc., BCForward Razor LLC, Gainwell Technologies LLC, BC
7   Forwarding LLC, and DOES 1 through 20, inclusive (collectively, "Defendants"), on behalf of
8   themselves as individuals, and on behalf of California citizens who are and were employed by
9   Defendants as non-exempt employees throughout California.
10   2.   Defendants provide services or goods throughout California.
11   3.   Through this action, Plaintiffs allege that Defendants have engaged in a
12   systematic pattern of wage and hour violations under the California Labor Code and Industrial
13   Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate
14   unfair competition.
15   4.   Plaintiffs are informed and believe, and thereon alleges, that Defendants have
16   increased their profits by violating state wage and hour laws by, among other things:
17   (a)   failing to pay all wages (including minimum wages and overtime wages);
18   (b)   failing to pay overtime wages at the proper rates;
19   (c)   failing to provide lawful meal periods or compensation in lieu thereof;
20   (d)   failing to authorize or permit lawful rest breaks or provide compensation
21   in lieu thereof;
22   (e)   failing to reimburse employees for necessary business-related expenses;
23   (f)   failing to maintain or to provide accurate itemized wage statements; and
24   (g)   failing to pay all wages due upon separation of employment.
25   5.   Plaintiffs seek monetary relief against Defendants on behalf of themselves and all
26   others similarly situated in California to recover, among other things, unpaid wages and benefits,
27   interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 201.3,
28   202, 203, 204, 210, 212, 213, 226, 226.3, 226.7, 227.3, 246, 510, 512, 558, 1174, 1174.5,

-1-

1182.12, 1194, 1194.2, 1197, 1198, 2802, 2698, *et seq.*, and Code of California Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

6.      This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiffs exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes, except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.      This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.      Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and/or the acts and omissions alleged herein took place in this county.

## THE PARTIES

10.      Plaintiffs are residents of California and worked for Defendants in California during the relevant time periods as alleged herein.

11.      Plaintiffs are informed and believe, and thereon allege that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.      Plaintiffs are unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

1  First Amended Complaint and serve such fictitiously named defendants once their names and

2  capacities become known.

3      13.    Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 20

4  are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at

5  all relevant times.

6      14.    Plaintiffs are informed and believe, and thereon allege, that each defendant acted

7  in all respects pertinent to this action as the agent of the other defendant, carried out a joint

8  scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant

9  are legally attributable to the other defendant. Furthermore, defendants in all respects acted as

10  the employer and/or joint employer of Plaintiffs and the class members.

11      15.    Plaintiffs are informed and believe, and thereon allege, that each and all of the

12  acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or

13  DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on

14  the other's behalf. The acts of any and all Defendants were in accordance with, and represent,

15  the official policy of Defendants.

16      16.    At all relevant times, Defendants, and each of them, acted within the scope of such

17  agency or employment, or ratified each and every act or omission complained of herein. At all

18  relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each

19  and all the other Defendants in proximately causing the damages herein alleged.

20      17.    Plaintiffs are informed and believe, and thereon allege, that each of said

21  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

22  omissions, occurrences, and transactions alleged herein.

23                          **CLASS ACTION ALLEGATIONS**

24      18.    Plaintiffs bring this action under Code of Civil Procedure § 382 on behalf of

25  themselves and all others similarly situated who were affected by Defendants' Labor Code,

26  Business and Professions Code §§ 17200, and IWC Wage Order violations.

27      19.    All claims alleged herein arise under California law for which Plaintiffs seek relief

28  authorized by California law.

20. Plaintiffs' proposed class consists of and is defined as follows:

Class

All California citizens currently or formerly employed by Defendant as non-exempt employees in the State of California at any time between May 1, 2019 and the date of class certification ("Class").

21. Plaintiffs also seeks to certify the following subclass of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendant at any time between May 1, 2019 and the date of class certification ("Waiting Time Subclass").

22. Plaintiffs reserve the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23. Members of the Class and the Subclass described above will be collectively referred to as "Class Members."

24. There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

   (a)  Whether Defendants fail to pay Plaintiffs and Class Members all wages (including minimum wages, double time wages, and overtime wages) for all hours worked by Plaintiff and Class Members.

   (b)  Whether Defendants paid Plaintiffs and other Class Members overtime compensation at the proper rates;

   (c)  Whether Defendants required Plaintiffs and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, over forty (40) hours per week, and/or seven (7) consecutive days and failed to pay them overtime compensation at the proper rate.

-4-
CLASS ACTION COMPLAINT

(d)    Whether Defendants deprived Plaintiffs and Class Members of timely meal periods or required Plaintiffs and Class Members to work through meal periods without proper compensation.

(e)    Whether Defendants deprived Plaintiffs and Class Members of rest breaks or required Plaintiffs and Class Members to work through rest breaks without proper compensation.

(f)    Whether Defendants failed to properly reimburse necessary business-related expenses incurred by Plaintiffs and Class Members.

(g)    Whether Defendants failed to provide Plaintiffs and Class Members accurate itemized wage statements.

(h)    Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(i)    Whether Defendants' conduct was willful or reckless.

(j)    Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*

25.    There is a well-defined community of interest in this litigation and the proposed Class and Subclass are readily ascertainable:

(a)    Numerosity: The Class Members are so numerous that joinder of all members is impractical. Although the members of the entire Class and Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated to be greater than twenty-five (25) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)    Typicality: The claims (or defenses, if any) of Plaintiffs are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiffs are also typical of the injuries

1    sustained by the Class Members because they arise out of and are caused by Defendants' common
2    course of conduct as alleged herein.

3            (c)    Adequacy: Plaintiffs will fairly and adequately represent and protect the
4    interests of all Class Members because it is in their best interest to prosecute the claims alleged
5    herein to obtain full compensation and penalties due to them and the Class Members. Plaintiffs'
6    attorneys, as proposed class counsel, are competent and experienced in litigating large
7    employment class actions and versed in the rules governing class action discovery, certification,
8    and settlement. Plaintiffs have incurred and, throughout the duration of this action, will continue
9    to incur attorneys' fees and costs that have been and will be necessarily expended for the
10   prosecution of this action for the substantial benefit of the Class Members.

11           (d)    Superiority: The nature of this action makes use of class action
12   adjudication superior to other methods. A class action will achieve economies of time, effort, and
13   expense as compared with separate lawsuits and will avoid inconsistent outcomes because the
14   same issues can be adjudicated in the same manner for the entire Class and Subclass at the same
15   time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage
16   this case as a class action.

17           (e)    Public Policy Considerations: Employers in the State of California violate
18   employment and labor laws every day. Current employees are often afraid to assert their rights
19   out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions
20   because they believe their former employers might damage their future endeavors through
21   negative references and/or other means. Class actions provide class members who are not named
22   in the complaint with a type of anonymity that allows for the vindication of their rights while
23   affording them privacy protections.

24                           **GENERAL ALLEGATIONS**
25           26.    At all relevant times mentioned herein, Defendants employed Plaintiffs and other
26   California citizens as non-exempt employees at Defendants' California business location(s).
27           27.    Defendants employed Plaintiffs as non-exempt employees at Defendants'
28   California business location.

-6-

28.     Defendants continue to employ non-exempt employees within California.

29.     Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

30.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members were not paid all wages (including minimum wages, double time wages, and overtime wages) due to Defendants illegal employment practices, including, but not limited to, requiring unpaid off-the clock work; and failing to pay Plaintiffs and other Class Members at the proper hourly rates for all hours worked, among other reasons.

31.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive wages in a medium negotiable and payable in cash, on demand, without discount. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members were paid through payment cards that charged fees for obtaining cash.

32.     Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

33.     Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay

1    when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiffs

2    and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay

3    at Plaintiffs' and Class Members' regular rate of pay when a rest break was missed.

4          34.    Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or

5    should have known that Plaintiffs and Class Members were entitled to reimbursement for

6    necessary expenditures incurred in connection with the performance and execution of their job

7    duties. In violation of the California Labor Code, Plaintiffs and Class Members did not receive

8    adequate reimbursement for necessary business expenses, including, but not limited to,

9    reimbursement for tools and equipment, cell phone use, and other expenses.

10         35.    Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or

11   should have known that Plaintiffs and Class Members were entitled to receive itemized wage

12   statements that accurately showed the following information pursuant to the Labor Code: (1)

13   gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units

14   earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all

15   deductions, provided that all deductions made on written orders of the employee may be

16   aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for

17   which the employee is paid; (7) the name of the employee and only the last four digits of his or

18   her social security number or an employee identification number other than a social security

19   number; (8) the name and address of the legal entity that is the employer; and (9) all applicable

20   hourly rates in effect during the pay period and the corresponding number of hours worked at

21   each hourly rate by the employee. In violation of the Labor Code, Plaintiffs and Class Members

22   were not provided with accurate itemized wage statements.

23         36.    Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or

24   should have known that the Waiting Time Subclass was entitled to timely payment of wages due

25   upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did

26   not receive payment of all wages within permissible time periods.

27         37.    Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or

28   should have known they had a duty to compensate Plaintiffs and Class Members, and Defendants

CLASS ACTION COMPLAINT

1  had the financial ability to pay such compensation but willfully, knowingly, and intentionally

2  failed to do so in order to increase Defendants' profits.

3       38.   Therefore, Plaintiffs bring this lawsuit seeking monetary and injunctive relief

4  against Defendants on behalf of themselves and all Class Members to recover, among other

5  things, unpaid wages (including minimum wages, double time wages, and overtime wages),

6  unpaid meal period premium payments, unpaid rest period premium payments, interest,

7  attorneys' fees, penalties, costs, and expenses.

8                           **FIRST CAUSE OF ACTION**

9                   <u>**FAILURE TO PAY MINIMUM WAGES**</u>

10   (Violation of Labor Code §§ 1182.12, 1194, 1194.2, 1197; Violation of IWC Wage Order §3-4)

11       39.   Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as

12  though fully set forth herein.

13       40.   Labor Code §§ 1194 and 1197 provide that the minimum wage for employees

14  fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser

15  wage than the minimum so fixed is unlawful.

16       41.   During the relevant time period, Defendants paid Plaintiffs and Class Members

17  less than minimum wages when they failed to pay proper compensation for all hours worked. To

18  the extent these hours do not qualify for the payment of overtime, Plaintiffs and Class Members

19  were not being paid at least the lawful minimum wage for their work.

20       42.   During the relevant time period, Defendants regularly failed to pay at least

21  minimum wage to Plaintiffs and Class Members for all hours worked pursuant to Labor Code

22  §§ 1194 and 1197.

23       43.   Defendants' failure to pay Plaintiffs and Class Members the required minimum

24  wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class

25  Members are entitled to recover the unpaid balance of their minimum wage compensation as well

26  as interest, costs, and attorneys' fees.

27  ///

28  ///

CLASS ACTION COMPLAINT

44.     Pursuant to Labor Code § 1194.2, Plaintiffs and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

45.     Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

46.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

47.     Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiffs and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

48.     The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiffs and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

49.     California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

1     50.     Labor Code § 510 and the applicable IWC Wage Orders provide that employment

2    of more than six days in a workweek is only permissible if the employer pays proper overtime

3    compensation as set forth herein.

4     51.     Plaintiffs and Class Members were non-exempt employees entitled to the

5    protections of California Labor Code §§ 510 and 1194.

6     52.     During the relevant time period, Defendants required Plaintiffs and Class

7    Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or for a

8    seventh consecutive day in a workweek without paying Plaintiffs and Class Members proper

9    overtime wages for their work.

10     53.     During the relevant time period, Defendants failed to pay Plaintiffs and Class

11    Members overtime wages for all overtime hours worked when Plaintiff and Class Members

12    worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or for a seventh

13    consecutive day of work in a workweek, or when Plaintiffs and Class Members worked in excess

14    of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a

15    work week.

16     54.     In violation of state law, Defendants knowingly and willfully refused to perform

17    their obligations and compensate Plaintiffs and Class Members for all wages earned and all hours

18    worked.

19     55.     Defendants' failure to pay Plaintiffs and Class Members the unpaid balance of

20    overtime and double time compensation, as required by California law, violates the provisions

21    of Labor Code §§ 510 and 1198, and is therefore unlawful.

22     56.     Pursuant to Labor Code § 1194, Plaintiffs and Class Members are entitled to

23    recover their unpaid overtime and double time compensation as well as interest, costs, and

24    attorneys' fees.

### THIRD CAUSE OF ACTION

### <u>FAILURE TO PROVIDE MEAL PERIODS</u>

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

-11-

57.     Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein

58.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

59.     Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

60.     Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

61.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

62.     During the relevant time period, Plaintiffs and Class Members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

63.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

64.     At all relevant times, Defendants failed to pay Plaintiffs and Class Members meal period premiums for missed, late, short, and/or interrupted meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

1    65.    As a result of Defendants' failure to pay Plaintiffs and Class Members an

2   additional hour of pay for each day a compliant meal period was not provided, Plaintiffs and Class

3   Members suffered and continue to suffer a loss of wages and compensation.

4                              **FOURTH CAUSE OF ACTION**

5                           **FAILURE TO PERMIT REST BREAKS**

6             (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

7    66.    Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as

8   though fully set forth herein.

9    67.    Labor Code § 226.7(a) provides that no employer shall require an employee to

10   work during any rest period mandated by the IWC Wage Orders.

11   68.    Section 12 of the applicable IWC Wage Order states "[e]very employer shall

12   authorize and permit all employees to take rest periods, which insofar as practicable shall be in

13   the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the

14   total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

15   fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

16   69.    During the relevant time period, Plaintiffs and Class Members did not receive a

17   ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they

18   were required to work through their daily rest periods, were not permitted to take timely rest

19   periods, and/or were not authorized to take their rest periods.

20   70.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires

21   an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of

22   compensation for each work day that a compliant rest period is not provided.

23   71.    At all relevant times, Defendants failed to pay Plaintiffs and Class Members rest

24   period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code §

25   226.7(b) and section 12 of the applicable IWC Wage Order.

26   72.    As a result of Defendants' failure to pay Plaintiffs and Class Members an

27   additional hour of pay for each day a compliant rest period was not provided, Plaintiffs and Class

28   Members suffered and continue to suffer a loss of wages and compensation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES

### (Violation of Labor Code §§ 2800, 2802)

73.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

74.     Labor Code § 2800 states that an employer shall in all cases indemnify his employee for losses.

75.     Labor Code § 2802 requires employers to indemnify their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

76.     Section 9 of the applicable IWC Wage Order states that when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer.

77.     During the relevant time period, Defendants required Plaintiffs and class members to incur expenses without properly compensating them for such expenses.

78.     In violation of Labor Code §§ 2800 and 2802, Defendants failed to indemnify Plaintiff and class members for these expenses.

79.     In committing the violations as herein alleged, Defendants have intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related costs and expenses. As a direct result, Plaintiffs and class members have suffered and continue to suffer substantial losses relating to the use and enjoyment of such expenses.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Violation of Labor Code § 226)

80.     Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

81.     Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following:

-14-

1   (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units

2   earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

3   deductions, provided that all deductions made on written orders of the employee may be

4   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

5   which the employee is paid, (7) the name of the employee and the last four digits of his or her

6   social security number or an employee identification number other than a social security number,

7   (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly

8   rates in effect during the pay period and the corresponding number of hours worked at each hourly

9   rate by the employee.

10      82.     During the relevant time period, Defendants have knowingly and intentionally

11  failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiffs

12  and Class Members. Defendants provided Plaintiffs and Class Members with wage statements

13  that were missing or inaccurately stated one or more of the following items: (1) gross wages

14  earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any

15  applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

16  that all deductions made on written orders of the employee may be aggregated and shown as one

17  item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,

18  (7) the name of the employee and the last four digits of his or her social security number or an

19  employee identification number other than a social security number, (8) the name and address of

20  the legal entity that is the employer, and/or (9) all applicable hourly rates in effect during the pay

21  period and the corresponding number of hours worked at each hourly rate by the employee.

22      83.     As a result of Defendants' knowing and intentional failure to comply with Labor

23  Code § 226(a), Plaintiffs and Class Members have suffered injury and damage to their statutorily-

24  protected rights. Specifically, Plaintiffs and Class Members are deemed to suffer an injury

25  pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code §

26  226(a). Plaintiffs and Class Members were denied both their legal right to receive, and their

27  protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In

28  addition, because Defendants failed to provide the accurate rates of pay on wage statements,

Defendants prevented Plaintiffs and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiffs have had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

84.     Plaintiffs and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

85.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiffs and Class Members from knowing, understanding, and disputing the wages paid to them and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, in the exact amount of damages and/or penalties to be shown according to proof at trial.

86.     Class Members that are still employed by Defendants are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226. Accordingly, affected Class Members seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## SEVENTH CAUSE OF ACTION

## **FAILURE TO PAY TIMELY DURING EMPLOYMENT**

(Violation of Labor Code §§ 201.3, 204, 210)

87.     Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

88.     Pursuant to California Labor Code §§ 201.3 and 204, employees must be paid within a certain number of days of the close of the pay period.

89.     During the relevant time period, Defendants failed to timely pay Plaintiffs and Class Members wages earned during the pay period.

90.     Such a pattern, practice and uniform administration of corporate policy regarding timely payment of wages as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 210.

91.     As a direct and proximate cause of these violations, Class Members have been damaged, in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violation of Labor Code §§ 201, 202, and 203)

92.     Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

93.     Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

94.     During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, including, but not limited to, proper minimum wage and overtime compensation, meal period premiums, and rest period premiums either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

95.     Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

96.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

97.     Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

## NINTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

(Violation of Business and Professions Code §§ 17200, *et seq.*)

98.     Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

99.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

100.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiffs and Class Members to suffer and continue to suffer injuries-in-fact.

101.    Defendants' policies and practices violated state law in at least the following respects:

(a) Failing to pay all wages earned (including minimum wage, sick pay, double time, and overtime wages) to Plaintiffs and Class Members among other violations, in violation of Labor Code §§ 246, 510, 1182.12, 1194, 1194.2, 1197, and 1198.

(b) Failing to pay wages timely to Plaintiffs and Class Members during employment in violation of Labor Code §§ 201.3 and 204.

(c) Failing to pay Plaintiffs and Class Members wages in a medium negotiable and payable in cash, on demand, without discount in violation of Labor Code §§ 212 and 213.

(d) Failing to pay all overtime wages at the proper rate to Plaintiffs and Class Members in violation of Labor Code §§ 510, 1194 and 1198;

(e) Failing to provide compliant meal periods without paying Plaintiffs and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

(f) Failing to authorize or permit compliant rest breaks without paying Plaintiffs and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

(g) Failing to reimburse Plaintiff and class members for necessary business expenses, in violation of Labor Code §§ 2800 and 2802.

(h) Failing to provide Plaintiffs and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

(i) Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, 203, 227.3.

102.    As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner, all in order to decrease their costs of doing business and increase their profits.

103.    At all relevant times herein, Defendants held themselves out to Plaintiffs and Class Members as being knowledgeable concerning the labor and employment laws of California.

-19-

1    104.   At all times relevant herein, Defendants intentionally avoided paying Plaintiffs

2    and Class Members wages and monies, thereby creating for Defendants an artificially lower cost

3    of doing business in order to undercut their competitors and establish and/or gain a greater

4    foothold in the marketplace.

5    105.   As a result of Defendants' intentional, willful, purposeful, and wrongful

6    misrepresentation of their conformance with the California Labor Code and IWC Wage Orders,

7    Plaintiffs and Class Members suffered a loss of wages and monies, all in an amount to be shown

8    according to proof at trial.

9    106.   By violating the foregoing statutes and regulations as herein alleged, Defendants'

10   acts constitute unfair and unlawful business practices under California Business and Professions

11   Code §§ 17200, *et seq.*

12   107.   As a result of the unfair and unlawful business practices of Defendants, as alleged

13   herein, Plaintiffs and Class Members are entitled to injunctive relief, disgorgement, and restitution

14   in an amount to be shown according to proof at trial.

15   108.   Plaintiffs seek to enforce important rights affecting the public interest within the

16   meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein,

17   has been and continues to be unfair, unlawful, and harmful to Plaintiffs, Class Members, and the

18   general public. Based on Defendants' conduct as alleged herein, Plaintiffs and Class Members

19   are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

20                          **PRAYER FOR RELIEF**

21   Plaintiffs, as individuals and on behalf of all others similarly situated, pray for relief and

22   judgment against Defendants, jointly and severally, as follows:

23   1.   For certification under California Code of Civil Procedure § 382 of the proposed

24   Class, Waiting Time Subclass, and any other appropriate subclasses;

25   2.   For appointment of Brandon Mangold and Antar Morrar as the class

26   representatives;

27   3.   For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

28   4.   For compensatory damages in an amount according to proof at trial;

-20-

5.  For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties;

6.  For economic and/or special damages in an amount according to proof at trial;

7.  For liquidated damages pursuant to Labor Code § 1194.2;

8.  For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.  For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10.  For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11.  For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12.  For pre-judgment interest;

13.  For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5, Labor Code §§ 226(e), 1194; and

14.  For such other relief as the Court deems just and proper.

Dated: April 27, 2022                    **AEGIS LAW FIRM, PC**

By: _____
Jessica L. Campbell
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial with respect to all issues triable of right by jury.

Dated: April 27, 2022                    **AEGIS LAW FIRM, PC**

By: _____
Jessica L. Campbell
Attorneys for Plaintiffs

-21-

Exhibit B

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No:  949. 379.6250<br><br>  Attorney For:   Plaintiff | For Court Use Only<br><br>**Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 6/7/2022 11:23 AM**<br>**Reviewed By: R. Fleming**<br>**Case #22CV397331**<br>**Envelope: 9157196** |
|---|---|

*Ref. No. or File No.:*
1068

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA

*Plaintiff:*  BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf
of all others similarly situated
*Defendant:*  BUCHER AND CHRISTIAN CONSULTING, INC.; et al.

| **PROOF OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

1.   *At the time of service I was at least 18 years of age and not a party to this action.*

2.   I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline; Alternative Dispute Resolution Information Sheet

3.   *a.   Party served:*      BCFORWARD RAZOR, LLC
     *b.   Person served:*   Lai Saevang, CSC Lawyers Incorporating Service, Registered Agent

4.   *Address where the party was served:*   2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

5.   *I served the party:*
     a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
         service of process for the party (1) on *(date)*: Tue, May 31 2022 (2) at *(time)*: 03:40 PM
     (1)   [ X ]   **(business)**
     (2)   [   ]   **(home)**
     (3)   [   ]   **(other)** :

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
     a.   [   ]   as an individual defendant.
     b.   [   ]   as the person sued under the fictitious name of *(specify)*:
     c.   [   ]   as occupant.
     d.   [ X ]   On behalf of *(specify)*:   BCFORWARD RAZOR, LLC
             under the following Code of Civil Procedure section:
     [   ]   416.10 (corporation)                  [   ]   415.95 (business organization, form unknown)
     [   ]   416.20 (defunct corporation)          [   ]   416.60 (minor)
     [   ]   416.30 (joint stock company/association)  [   ]   416.70 (ward or conservatee)
     [   ]   416.40 (association or partnership)   [   ]   416.90 (authorized person)
     [   ]   416.50 (public entity)                [   ]   415.46 (occupant)
     [ X ]   other:   limited liability company

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7164739
(11789529)
Page 1 of 2

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No: 949. 379.6250<br><br>  *Attorney For:*  Plaintiff | |

*Ref. No. or File No.:*
1068

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA

*Plaintiff:*  BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf
of all others similarly situated
*Defendant:*  BUCHER AND CHRISTIAN CONSULTING, INC.; et al.

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>22CV397331 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a.  Name:             Michael Morris
   b.  Address:         **FIRST LEGAL**
                       600 W. Santa Ana Blvd., Ste. 101
                       SANTA ANA, CA 92701
   c.  Telephone number:    (714) 541-1110
   d.  **The fee** for service was:    $47.60
   e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
          (i)  ☐ owner    ☐ employee    ☒ independent contractor
          (ii)  Registration No:   2012-33
          (iii)  County:   Sacramento

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

                          06/06/2022
                             *(Date)*                                   *Michael Morris*



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7164739
*(11789529)*
Page 2 of 2

22CV397331
Santa Clara – Civil
R. Fleming

| | |
|---|---|
| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No: 949. 379.6250<br><br>  Attorney For:   Plaintiff | For Court Use Only<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 6/7/2022 11:10 AM<br>Reviewed By: R. Fleming<br>Case #22CV397331<br>Envelope: 9156986** |

| | |
|---|---|
| | Ref. No. or File No.:<br>1068 |

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA

Plaintiff:  BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf
of all others similarly situated
Defendant:  BUCHER AND CHRISTIAN CONSULTING, INC.; et al.

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

1.   *At the time of service I was at least 18 years of age and not a party to this action.*

2.   I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case
     Complex and Staying Discovery and Responsive Pleading Deadline; Alternative Dispute Resolution Information Sheet

3.   *a.   Party served:*      BUCHER AND CHRISTIAN CONSULTING, INC.
     *b.   Person served:*    Lai Saevang, CSC Lawyers Incorporating Service, Registered Agent

4.   *Address where the party was served:*    2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

5.   *I served the party:*
     a. **by personal service.**    I personally delivered the documents listed in item 2 to the party or person authorized to receive
                                     service of process for the party (1) on *(date)*: Tue, May 31 2022 (2) at *(time)*: 03:40 PM
     (1)   [ X ]   **(business)**
     (2)   [   ]   **(home)**
     (3)   [   ]   **(other)** :

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
     a.   [   ]   as an individual defendant.
     b.   [   ]   as the person sued under the fictitious name of *(specify)*:
     c.   [   ]   as occupant.
     d.   [ X ]   On behalf of *(specify)*:   BUCHER AND CHRISTIAN CONSULTING, INC.
               under the following Code of Civil Procedure section:
          [ X ]   416.10 (corporation)            [   ]   415.95 (business organization, form unknown)
          [   ]   416.20 (defunct corporation)     [   ]   416.60 (minor)
          [   ]   416.30 (joint stock company/association)   [   ]   416.70 (ward or conservatee)
          [   ]   416.40 (association or partnership)   [   ]   416.90 (authorized person)
          [   ]   416.50 (public entity)           [   ]   415.46 (occupant)
          [   ]   other:

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7164731
(11789505)
Page 1 of 2

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No: 949. 379.6250<br><br>  Attorney For:   Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.:<br>1068 | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SANTA CLARA | | |
| Plaintiff:  BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf<br>    of all others similarly situated<br>Defendant:  BUCHER AND CHRISTIAN CONSULTING, INC.; et al. | | |

| **PROOF OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
   a.  Name:                          Michael Morris
   b.  Address:                     **FIRST LEGAL**
                                            600 W. Santa Ana Blvd., Ste. 101
                                            SANTA ANA, CA 92701
   c.  Telephone number:      (714) 541-1110
   d.  **The fee** for service was:  $133.50
   e.  I am:
       (1) ☐  not a registered California process server.
       (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3) ☒  a registered California process server:
           (i)   ☐ owner   ☐ employee   ☒ independent contractor
           (ii)   Registration No:  2012-33
           (iii)  County:   Sacramento

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*


          06/06/2022

          *(Date)*                            *Michael Morris*


Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7164731
(11789505)
Page 2 of 2

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No: 949. 379.6250 | For Court Use Only<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 6/8/2022 4:13 PM<br>Reviewed By: R. Fleming<br>Case #22CV397331<br>Envelope: 9173298** |
|---|---|
|   Attorney For:  Plaintiff     | Ref. No. or File No.:<br>1068 | |

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA

Plaintiff: BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf
of all others similarly situated
Defendant: BUCHER AND CHRISTIAN CONSULTING, INC.; et al.

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline; Alternative Dispute Resolution Information Sheet

3.   *a.*   *Party served:*     GAINWELL TECHNOLOGIES LLC
    *b.*   *Person served:*   Diana Ruiz, CT Corporation System, Registered Agent.

4.   *Address where the party was served:*   330 N Brand Blvd., Suite 700, Glendale, CA 91203

5.   *I served the party:*
  a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
    service of process for the party (1) on *(date)*: Tue, May 31 2022 (2) at *(time)*: 12:40 PM
  (1)   [ X ]   **(business)**
  (2)   [   ]   **(home)**
  (3)   [   ]   **(other)** :

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
  a.   [   ]   as an individual defendant.
  b.   [   ]   as the person sued under the fictitious name of *(specify)*:
  c.   [   ]   as occupant.
  d.   [ X ]   On behalf of *(specify)*:   GAINWELL TECHNOLOGIES LLC
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [  ] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| [ X ] other:   limited liability company | |

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7164749
(11789530)
Page 1 of 2

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br> Telephone No: 949. 379.6250<br><br> Attorney For: Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.:<br>1068 | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SANTA CLARA | | |
| Plaintiff: BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf<br> of all others similarly situated<br>Defendant: BUCHER AND CHRISTIAN CONSULTING, INC.; et al. | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

**7. Person who served papers**
  a. Name:      Douglas Forrest
  b. Address:      **FIRST LEGAL**
                   1517 W. Beverly Blvd.
                   LOS ANGELES, CA 90026
  c. Telephone number:      (213) 250-1111
  d. **The fee** for service was:      $103.25
  e. I am:
       (1) ☐ not a registered California process server.
       (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
       (3) ☒ a registered California process server:
             (i) ☐ owner ☐ employee ☒ independent contractor
             (ii) Registration No:    5141
             (iii) County:    Los Angeles

**8.** *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*



|  06/08/2022  | |
|---|---|
| *(Date)* | *Douglas Forrest* |



Exhibit C

GBG LLP
JENNIFER SVANFELDT (SB# 233248)
TERESA W. GHALI (SB# 252961)
AMANDA M. OSOWSKI (SB# 317843)
jensvanfeldt@gbgllp.com
teresaghali@gbgllp.com
amandaosowski@gbgllp.com
601 Montgomery Street, Suite 1150
San Francisco, CA  94111
Telephone:  (415) 603-5000
Facsimile:  (415) 840-7210

Attorneys for Defendants
BUCHER AND CHRISTIAN CONSULTING, INC.,
and BCFORWARD RAZOR, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BUCHER AND CHRISTIAN CONSULTING, INC.; BCFORWARD RAZOR LLC; GAINWELL TECHNOLOGIES; BC FORWARDING LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 22CV397331<br><br>**DEFENDANTS BUCHER AND CHRISTIAN CONSULTING, INC. AND BCFORWARD RAZOR, LLC'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Dept.:          3<br>Judge:        Hon. Patricia M. Lucas<br><br>Complaint Filed:  April 27, 2022 |

88951782.1

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1   Defendants Bucher and Christian Consulting, Inc. and BCForward Razor, LLC

2   ("Defendants"), for themselves and no other defendant, hereby respond to the Class Action

3   Complaint for Damages ("Complaint") filed by Plaintiffs Brandon Mangold and Antar Morrar

4   ("Plaintiffs") as follows:

5   1.   Pursuant to section 431.30(d) of the California Code of Civil Procedure,

6   Defendants deny, generally and specifically, each and every material allegation in the Complaint.

7   2.   Defendants further deny, generally and specifically, that Plaintiffs or any of the

8   putative class members whom they seek to represent (the "Proposed Class"), are entitled to any

9   of the relief requested, or that they have been or will be damaged in any sum, or at all, by reason

10   of any act or omission on the part of Defendants or any of their past or present employees,

11   representatives, or agents.

12   Without admitting any facts alleged by Plaintiffs, Defendants also plead the following

13   separate and affirmative defenses to the Complaint:

14   **AFFIRMATIVE DEFENSES**

15   **FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

16   1.   The Complaint fails to state facts sufficient to constitute a cause of action against

17   Defendants.

18   **SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

19   2.   Defendants are improperly joined in this action to the extent they were never the

20   employer of Plaintiffs and/or the Proposed Class and thus cannot be liable under any of the

21   causes of action alleged in the Complaint.

22   **THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

23   3.   On information and belief, "BC Forwarding LLC" is not a cognizable legal entity

24   and thus is not properly named as a defendant in this matter, nor is "BC Forwarding LLC" a

25   fictitious business name under which BCForward Razor LLC or Bucher and Christian

26   Consulting, Inc. are doing business.

27   **FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

28   4.   The Complaint, and each claim and cause of action alleged therein, are barred as

asserted against Defendants to the extent Defendants were never the employer or joint employer of Plaintiffs and/or the Proposed Class.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

5.      Some or all of Plaintiffs' purported claims, and those of the Proposed Class, are barred, in whole or in part, by the doctrines of *res judicata,* collateral estoppel, and/or accord and satisfaction, to the extent those claims have already been litigated, settled and/or released, or have been covered by other litigation that was pursued on their behalf.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6.      Plaintiffs and/or the Proposed Class have waived the right, if any, to pursue the claims in the Complaint by reason of their own acts and conduct, including but not limited to their choice to waive, skip, shorten or delay the taking of meal periods or rest breaks that Defendants provided to them.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

7.      There was no knowing and intentional failure on Defendants' part to provide proper itemized wage statements, nor did Plaintiffs and/or the Proposed Class "suffer injury" as a result of any alleged violation by Defendants of Labor Code section 226.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or the Proposed Class consented to the conduct that is the subject of the Complaint.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

9.      Plaintiffs and/or the Proposed Class are estopped from asserting the claims in the Complaint against Defendants by reason of their own actions and conduct.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10.     The Complaint is barred to the extent that Plaintiffs purport to pursue claims outside the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 338 and 340, California Labor Code section 203, California Labor Code section 226 and California Business and Professions Code section 17208.

**ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

11.    Some or all of Plaintiffs' purported claims are subject to crediting, offset, set-off, and/or recoupment by virtue of payments, including but not limited to overtime premium payments, that Defendants already have made to them and/or the Proposed Class.

**TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE**

12.    Plaintiffs' claims are barred, in whole or in part, on the grounds that any recovery from Defendants would result in Plaintiffs' unjust enrichment and/or that of the Proposed Class.

**THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

13.    Plaintiffs' request for class certification should be denied because Plaintiffs cannot satisfy the prerequisites for certification.  In particular, Plaintiffs cannot carry their burden of demonstrating:  (a) that there exists an ascertainable class; (b) that there exists a well-defined community of interest among members of the Proposed Class; (c) that the Proposed Class is sufficiently numerous and that it would be impracticable to bring them all before the Court; (d) that common questions predominate; (e) that Plaintiffs' claims are typical of those of the members of the Proposed Class; (f) that Plaintiffs are adequate class representatives (a showing that is foreclosed by conflicts of interest between Plaintiffs and members of the Proposed Class); (g) that Plaintiffs' counsel can fairly and adequately represent the Proposed Class; (h) that class treatment of the claims alleged in the Complaint is superior to other methods of adjudicating the controversy; and (i) that a class action as alleged would be manageable.

**FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

14.    Any award against Defendants pursuant to Plaintiffs' purported claim under California Business and Professions Code Sections 17200 *et seq.* (the "UCL") in the circumstances of this case would violate Defendants' due process and other constitutional rights guaranteed under the United States and California Constitutions.

**FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

15.    An award of statutory penalties as sought by Plaintiffs, in the circumstances of this case, would be so grossly disproportionate in ratio and amount to the actual harm suffered by Plaintiffs and/or the Proposed Class that it would violate California's established standards of

due process protected under the California and United States Constitutions.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.     The ninth cause of action is barred because the remedies under California Business and Professions Code section 17200 *et seq*. are limited to restitution and injunctive relief, and Plaintiffs, as non-employees, lack standing to pursue such claims.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.     The ninth cause of action is barred because Defendants allege on information and belief that Plaintiffs and the Proposed Class have not sustained the required injury in fact and/or lost the requisite money or property necessary to confer standing pursuant to California Business and Professions Code Sections 17200 *et seq*.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18.     Plaintiffs' Complaint is barred, in whole or in part, to the extent Plaintiffs lack standing.  Furthermore, Plaintiffs, and other former employees in the Proposed Class on whose behalf relief is sought, lack standing to seek and are otherwise not entitled to equitable or injunctive relief.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims are barred, in whole or in part, because certain of the allegedly unpaid time at issue in the Complaint falls within California's common law *de minimis* doctrine and thus is not compensable.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

20.     Plaintiffs and the Proposed Class are precluded from recovering restitution, in whole or in part, from Defendants, under the applicable provisions of the law, because neither Plaintiffs nor the Proposed Class can specify quantifiable monetary amounts converted by Plaintiffs and the Proposed Class for which restitution is owed.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

21.     In the event that a class is certified in this matter, Defendants incorporate by reference and re-allege all of its defenses to Plaintiffs' individual claims and assert them in response to the claims alleged on behalf of any class members.

1

**TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

2         22.      Plaintiffs' claim for failure to reimburse expenses pursuant to the California

3    Labor Code Section 2802 is barred because Plaintiffs and/or any other individual Plaintiffs claim

4    to represent never requested expense reimbursement nor otherwise placed Defendants on notice

5    of the expenses being incurred.

6

**TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

7         23.      The Complaint, and each of its causes of action, is barred because at all times

8    relevant to the Complaint, Defendants did not willfully or otherwise fail to comply with any

9    provisions of the California Labor Code or California Industrial Welfare Commission Wage

10   Orders but rather, acted based on its good-faith belief that its acts or omissions were lawful.

11

**TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

12        24.      Defendants currently have insufficient knowledge or information on which they

13   may form a belief as to whether they may have additional, as yet unstated, affirmative defenses

14   available.  Defendants hereby reserve their right to assert additional defenses in the event that

15   discovery or further investigation reveals that they would be appropriate.

16        WHEREFORE, Defendants pray for judgment as follows:

17        1.      That the Court deny certification of any class or subclass in this matter, and that

18   Plaintiffs' class allegations be stricken, denied, and/or dismissed;

19        2.      That Plaintiffs take nothing by reason of their Complaint, that the Complaint be

20   dismissed in its entirety with prejudice, and that judgment be entered for Defendants;

21        3.      That Defendants be awarded their reasonable costs and attorneys' fees; and

22        4.      That Defendants be awarded such other and further relief as the Court deems just

23   and proper.

24   DATED:  June 28, 2022                        GBG LLP

25                                               By: _____

26                                                   JENNIFER SVANFELDT

27                                               Attorneys for Defendants
                                                 BUCHER AND CHRISTIAN
28                                               CONSULTING, INC., and BCFORWARD
                                                 RAZOR, LLC

1

**PROOF OF SERVICE**

2          I am employed in the City of San Francisco and County of San Francisco, State of

3    California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

4    business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

5          On June 28, 2002, I served a copy of the within document(s):

6    **DEFENDANTS BUCHER AND CHRISTIAN CONSULTING, INC. AND BCFORWARD**
     **RAZOR, LLC'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**
7

8    on the interested parties:

9    ☐    VIA FAX:  By transmitting via facsimile the document(s) listed above to the fax
           number(s) set forth below on this date before 5:00 p.m.
10

11   ☒    VIA U.S. MAIL:  I am readily familiar with the firm's practice of collection and
           processing of correspondence for mailing.  Under that practice such sealed
12         envelope(s) would be deposited with the U.S. postal service on the above date with
           postage thereon fully prepaid, at San Francisco, California.

13   ☐    VIA OVERNIGHT SERVICE:  By placing the document(s) listed above in a sealed
           _____ envelope and affixing a pre-paid air bill, and causing the envelope to be
14         delivered to a _____ agent for delivery.

15   ☐    VIA PERSONAL SERVICE:  By causing to be delivered the document(s) listed
           above to the person(s) at the address(es) set forth below.
16

17   ☐    VIA E-MAIL:  By transmitting a PDF version of the document(s) by e-mail to the
           person(s) set forth below using the e-mail address(es) indicated, pursuant to the
18         parties' electronic service agreement.

19
     Kashif Haque                                  Email:  jcampbell@aegislawfirm.com
20   Samuel A. Wong
     Jessica L. Campbell
21   Aegis Law Firm, PC
     9811 Irvine Center Drive, Suite 100
22   Irvine, CA  92618

23         I declare under penalty of perjury under the laws of the State of California that the above

24   is true and correct.

25         Executed on June 28, 2022, at San Francisco, California.

26                                          _____
                                                      Janet Gogna
27

28

Exhibit D

1   JENNIFER SVANFELDT (SB# 233248)
    TERESA W. GHALI (SB# 252961)
2   AMANDA M. OSOWSKI (SB# 317843)
    jensvanfeldt@gbgllp.com
3   teresaghali@gbgllp.com
    amandaosowski@gbgllp.com
4   601 Montgomery Street, Suite 1150
    San Francisco, CA  94111
5   Telephone:  (415) 603-5000
    Facsimile:  (415) 840-7210
6
7   Attorneys for Defendant
    BUCHER AND CHRISTIAN CONSULTING, INC.,
8   and BCFORWARD RAZOR, LLC

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF SANTA CLARA

11

12   BRANDON MANGOLD and ANTAR              Case No. 22CV397331
     MORRAR, as individuals and on behalf of
13   all others similarly situated,            **NOTICE TO SUPERIOR COURT OF
                                               DEFENDANT BCFORWARD RAZOR,**
14                      Plaintiffs,            **LLC'S REMOVAL OF CIVIL ACTION**
                                               **TO FEDERAL COURT**
15          vs.

16   BUCHER AND CHRISTIAN
     CONSULTING, INC.; BCFORWARD
17   RAZOR LLC; GAINWELL                      Dept.:       3
     TECHNOLOGIES; BC FORWARDING            Judge:       Hon. Patricia M. Lucas
18   LLC; and DOES 1 through 20, inclusive,
                                              Complaint Filed:  April 27, 2022
19                      Defendants.

20

21

22

23

24

25

26

27

28

1  TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE

2  COUNTY OF SANTA CLARA:

3         PLEASE TAKE NOTICE THAT on June 29, 2022, Defendant BCForward Razor, LLC

4  ("Defendant") removed this action to federal court by filing a Notice of Removal with the United

5  States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441,

6  and 1446.

7         A copy of Defendant's Notice of Removal is attached hereto as Exhibit "A."

8  DATED:  June 29, 2022                          GBG LLP

9

10                                        By:

11                                            TERESA W. GHALI

12                                        Attorneys for Defendant
                                           BUCHER AND CHRISTIAN
13                                        CONSULTING, INC.,
                                           and BCFORWARD RAZOR, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Exhibit A omitted to
avoid duplication.

**PROOF OF SERVICE**

I am employed in the City of San Francisco and County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

On June 29, 2002, I served a copy of the within document(s):

**NOTICE TO SUPERIOR COURT OF DEFENDANT BCFORWARD RAZOR, LLC'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

on the interested parties:

☐   VIA FAX:  By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   VIA U.S. MAIL:  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on the above date with postage thereon fully prepaid, at San Francisco, California.

☐   VIA OVERNIGHT SERVICE:  By placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐   VIA PERSONAL SERVICE:  By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☒   VIA E-MAIL:  By transmitting a PDF version of the document(s) by e-mail to the person(s) set forth below using the e-mail address(es) indicated, pursuant to the parties' electronic service agreement.

| | |
|---|---|
| Kashif Haque | Heather Hearne |
| Samuel A. Wong | The Kullman Firm, PLC |
| Jessica L. Campbell | 4605 Bluebonnet Boulevard, Suite A |
| Aegis Law Firm, PC | Baton Rouge, LA 70809 |
| 9811 Irvine Center Drive, Suite 100 | Email: hdh@kullmanlaw.com |
| Irvine, CA  92618 | |
| Email:  jcampbell@aegislawfirm.com | |
|      dgraves@aegislawfirm.com | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 29, 2022, at San Francisco, California.

_____
Janet Gogna

Exhibit E

1   GBG LLP
    JENNIFER SVANFELDT (SB# 233248)
2   TERESA W. GHALI (SB# 252961)
    AMANDA M. OSOWSKI (SB# 317843)
3   jensvanfeldt@gbgllp.com
    teresaghali@gbgllp.com
4   amandaosowski@gbgllp.com
    601 Montgomery Street, Suite 1150
5   San Francisco, CA  94111
    Telephone:  (415) 603-5000
6   Facsimile:  (415) 840-7210

7   Attorneys for Defendants
    BUCHER AND CHRISTIAN CONSULTING, INC.,
8   and BCFORWARD RAZOR, LLC

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  IN AND FOR THE COUNTY OF SANTA CLARA

12

13  BRANDON MANGOLD and ANTAR          Case No. 22CV397331
    MORRAR, as individuals and on behalf of
14  all others similarly situated,          **NOTICE TO ADVERSE PARTIES OF**
                                            **DEFENDANT BCFORWARD RAZOR,**
15              Plaintiffs,                 **LLC'S REMOVAL OF CIVIL ACTION**
                                            **TO FEDERAL COURT**
16          vs.

17  BUCHER AND CHRISTIAN
    CONSULTING, INC.; BCFORWARD
18  RAZOR LLC; GAINWELL                     Dept.:       3
    TECHNOLOGIES; BC FORWARDING            Judge:       Hon. Patricia M. Lucas
19  LLC; and DOES 1 through 20, inclusive,
                                           Complaint Filed:  April 27, 2022
20              Defendants.

21

22

23

24

25

26

27

28

88950531.1
DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    TO PLAINTIFFS BRANDON MANGOLD AND ANTAR MORRAR AND TO THEIR

2    ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE THAT on June 29, 2022, Defendant BCForward Razor, LLC

4    ("Defendant") removed this action to federal court by filing a Notice of Removal with the United

5    States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441,

6    and 1446.

7        A copy of Defendant's Notice of Removal is attached hereto as Exhibit "A."

8    DATED:  June 29, 2022            GBG LLP

9

10                           By: _____

11                              TERESA W. GHALI

12                      Attorneys for Defendant
                         BUCHER AND CHRISTIAN

13                      CONSULTING, INC.,
                         and BCFORWARD RAZOR, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A omitted to avoid duplication.

1

## PROOF OF SERVICE

2          I am employed in the City of San Francisco and County of San Francisco, State of

3    California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

4    business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

5          On June 29, 2002, I served a copy of the within document(s):

6    **NOTICE TO ADVERSE PARTIES OF DEFENDANT BCFORWARD RAZOR, LLC'S**
     **REMOVAL OF CIVIL ACTION TO FEDERAL COURT**
7

8    on the interested parties:

9    ☐     VIA FAX:  By transmitting via facsimile the document(s) listed above to the fax
           number(s) set forth below on this date before 5:00 p.m.
10

11   ☐     VIA U.S. MAIL:  I am readily familiar with the firm's practice of collection and
           processing of correspondence for mailing.  Under that practice such sealed
12         envelope(s) would be deposited with the U.S. postal service on the above date with
           postage thereon fully prepaid, at San Francisco, California.

13   ☐     VIA OVERNIGHT SERVICE:  By placing the document(s) listed above in a sealed
           _____ envelope and affixing a pre-paid air bill, and causing the envelope to be
14         delivered to a _____ agent for delivery.

15   ☐     VIA PERSONAL SERVICE:  By causing to be delivered the document(s) listed
           above to the person(s) at the address(es) set forth below.
16

17   ☒     VIA E-MAIL:  By transmitting a PDF version of the document(s) by e-mail to the
           person(s) set forth below using the e-mail address(es) indicated, pursuant to the
18         parties' electronic service agreement.

19
     Kashif Haque                                    Heather Hearne
20   Samuel A. Wong                                  The Kullman Firm, PLC
     Jessica L. Campbell                             4605 Bluebonnet Boulevard, Suite A
21   Aegis Law Firm, PC                              Baton Rouge, LA 70809
     9811 Irvine Center Drive, Suite 100             Email: hdh@kullmanlaw.com
22   Irvine, CA  92618
     Email:  jcampbell@aegislawfirm.com
23           dgraves@aegislawfirm.com

24          I declare under penalty of perjury under the laws of the State of California that the above

25   is true and correct.

26          Executed on June 29, 2022, at San Francisco, California.

27                                                   _____
                                                              Janet Gogna
28