1  JENNIFER SVANFELDT (SB# 233248)
   TERESA W. GHALI (SB# 252961)
2  AMANDA M. OSOWSKI (SB# 317843)
   jensvanfeldt@gbgllp.com
3  teresaghali@gbgllp.com
   amandaosowski@gbgllp.com
4  GBG LLP
   601 Montgomery Street, Suite 1150
5  San Francisco, CA  94111
   Telephone:  (415) 603-5000
6  Facsimile:  (415) 840-7210

7  Attorneys for Defendants
   BUCHER AND CHRISTIAN CONSULTING, INC.
8  and BCFORWARD RAZOR, LLC

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12  BRANDON MANGOLD and ANTAR           Case No.
    MORRAR, as individuals and on behalf of all
13  others similarly situated,          **EXHIBIT A TO DEFENDANT
                                        BCFORWARD RAZOR, LLC'S
14               Plaintiffs,            NOTICE OF REMOVAL OF CIVIL
                                        ACTION TO FEDERAL COURT**
15       vs.

16  BUCHER AND CHRISTIAN                [Santa Clara Superior Court Case
    CONSULTING, INC.; BCFORWARD         No. 22CV397331]
17  RAZOR LLC; GAINWELL
    TECHNOLOGIES; BC FORWARDING
18  LLC; and DOES 1 through 20, inclusive,

19               Defendants.

20

21

22

23

24

25

26

27

28

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BUCHER AND CHRISTIAN CONSULTING, INC.; BCFORWARD
RAZOR LLC; [Additional Parties Attachment Form is Attached].

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRANDON MANGOLD and ANTAR MORRAR, as individuals and on
behalf of all others similarly situated,

E-FILED
4/27/2022 3:30 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV397331
Reviewed By: R. Walker
Envelope: 8853523

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of the State of California, County of Santa Clara
191 N. First Street, San Jose, CA 95113

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |
| 22CV397331 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Center Dr., #100, Irvine, CA 92618, 949.379.6250

DATE: 4/27/2022 3:30 PM     Clerk of Court     Clerk, by     R. Walker     , Deputy
*(Fecha)*                                              *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**SUM-200(A)**

| SHORT TITLE:<br>Mangold, et al. v. Bucher and Christian Consulting, Inc., et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff    [x] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

GAINWELL TECHNOLOGIES LLC; BC FORWARDING LLC; and DOES 1 through 20, inclusive,

Page ___2___ of ___2___

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

E-FILED
4/27/2022 3:30 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV397331
Reviewed By: R. Walker

1

**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672

2

SAMUEL A. WONG, State Bar No. 217104

3

JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100

4

Irvine, California 92618
Telephone: (949) 379-6250

5

Facsimile:  (949) 379-6251
Email: jcampbell@aegislawfirm.com

6

7

Attorneys for Plaintiffs Brandon Mangold and Antar Morrar, as
individuals, and on behalf of all others similarly situated.

8

9

10

11

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

12

## FOR THE COUNTY OF SANTA CLARA

13

BRANDON MANGOLD and ANTAR

14

MORRAR, as individuals and on behalf of
all others similarly situated,

15

16

Plaintiff,

17

vs.

18

BUCHER AND CHRISTIAN

19

CONSULTING, INC.; BCFORWARD
RAZOR LLC; GAINWELL

20

TECHNOLOGIES LLC; BC
FORWARDING LLC; and DOES 1

21

through 20, inclusive,

22

Defendants.

23

24

25

26

27

28

Case No. 22CV397331

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;

2. Failure to Pay Overtime Wages;

3. Failure to Provide Meal Periods;

4. Failure to Permit Rest Breaks;

5. Failure to Reimburse Necessary Business-Related Expenses;

6. Failure to Provide Accurate Itemized Wage Statements;

7. Failure to Pay Wages Timely During Employment;

8. Failure to Pay All Wages Due Upon Separation of Employment;

9. Violation of Business and Professions Code §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

Plaintiffs Brandon Mangold and Antar Morrar, individually, and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.      Plaintiffs Brandon Mangold and Antar Morrar ("Plaintiffs") bring this putative class action, pursuant to California Code of Civil Procedure § 382, against defendants Bucher and Christian Consulting, Inc., BCForward Razor LLC, Gainwell Technologies LLC, BC Forwarding LLC, and DOES 1 through 20, inclusive (collectively, "Defendants"), on behalf of themselves as individuals, and on behalf of California citizens who are and were employed by Defendants as non-exempt employees throughout California.

2.      Defendants provide services or goods throughout California.

3.      Through this action, Plaintiffs allege that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.      Plaintiffs are informed and believe, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a)    failing to pay all wages (including minimum wages and overtime wages);

(b)    failing to pay overtime wages at the proper rates;

(c)    failing to provide lawful meal periods or compensation in lieu thereof;

(d)    failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

(e)    failing to reimburse employees for necessary business-related expenses;

(f)    failing to maintain or to provide accurate itemized wage statements; and

(g)    failing to pay all wages due upon separation of employment.

5.      Plaintiffs seek monetary relief against Defendants on behalf of themselves and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 201.3, 202, 203, 204, 210, 212, 213, 226, 226.3, 226.7, 227.3, 246, 510, 512, 558, 1174, 1174.5,

-1-

1182.12, 1194, 1194.2, 1197, 1198, 2802, 2698, *et seq.*, and Code of California Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

6.      This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiffs exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes, except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.      This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.      Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and/or the acts and omissions alleged herein took place in this county.

## THE PARTIES

10.      Plaintiffs are residents of California and worked for Defendants in California during the relevant time periods as alleged herein.

11.      Plaintiffs are informed and believe, and thereon allege that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.      Plaintiffs are unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

First Amended Complaint and serve such fictitiously named defendants once their names and capacities become known.

13.    Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14.    Plaintiffs are informed and believe, and thereon allege, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the class members.

15.    Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16.    At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17.    Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**CLASS ACTION ALLEGATIONS**

18.    Plaintiffs bring this action under Code of Civil Procedure § 382 on behalf of themselves and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19.    All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

20.    Plaintiffs' proposed class consists of and is defined as follows:

Class

All California citizens currently or formerly employed by Defendant as non-exempt employees in the State of California at any time between May 1, 2019 and the date of class certification ("Class").

21.    Plaintiffs also seeks to certify the following subclass of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendant at any time between May 1, 2019 and the date of class certification ("Waiting Time Subclass").

22.    Plaintiffs reserve the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23.    Members of the Class and the Subclass described above will be collectively referred to as "Class Members."

24.    There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a)    Whether Defendants fail to pay Plaintiffs and Class Members all wages (including minimum wages, double time wages, and overtime wages) for all hours worked by Plaintiff and Class Members.

(b)    Whether Defendants paid Plaintiffs and other Class Members overtime compensation at the proper rates;

(c)    Whether Defendants required Plaintiffs and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, over forty (40) hours per week, and/or seven (7) consecutive days and failed to pay them overtime compensation at the proper rate.

(d)    Whether Defendants deprived Plaintiffs and Class Members of timely meal periods or required Plaintiffs and Class Members to work through meal periods without proper compensation.

(e)    Whether Defendants deprived Plaintiffs and Class Members of rest breaks or required Plaintiffs and Class Members to work through rest breaks without proper compensation.

(f)    Whether Defendants failed to properly reimburse necessary business-related expenses incurred by Plaintiffs and Class Members.

(g)    Whether Defendants failed to provide Plaintiffs and Class Members accurate itemized wage statements.

(h)    Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(i)    Whether Defendants' conduct was willful or reckless.

(j)    Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

25.    There is a well-defined community of interest in this litigation and the proposed Class and Subclass are readily ascertainable:

(a)    <u>Numerosity</u>: The Class Members are so numerous that joinder of all members is impractical. Although the members of the entire Class and Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated to be greater than twenty-five (25) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)    <u>Typicality</u>: The claims (or defenses, if any) of Plaintiffs are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiffs are also typical of the injuries

sustained by the Class Members because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)     <u>Adequacy</u>: Plaintiffs will fairly and adequately represent and protect the interests of all Class Members because it is in their best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to them and the Class Members. Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

(d)     <u>Superiority</u>: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class and Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)     <u>Public Policy Considerations</u>: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

## **GENERAL ALLEGATIONS**

26.     At all relevant times mentioned herein, Defendants employed Plaintiffs and other California citizens as non-exempt employees at Defendants' California business location(s).

27.     Defendants employed Plaintiffs as non-exempt employees at Defendants' California business location.

28.     Defendants continue to employ non-exempt employees within California.

29.     Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

30.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members were not paid all wages (including minimum wages, double time wages, and overtime wages) due to Defendants illegal employment practices, including, but not limited to, requiring unpaid off-the-clock work; and failing to pay Plaintiffs and other Class Members at the proper hourly rates for all hours worked, among other reasons.

31.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive wages in a medium negotiable and payable in cash, on demand, without discount. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members were paid through payment cards that charged fees for obtaining cash.

32.     Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

33.     Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay

when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when a rest break was missed.

34.     Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to reimbursement for necessary expenditures incurred in connection with the performance and execution of their job duties. In violation of the California Labor Code, Plaintiffs and Class Members did not receive adequate reimbursement for necessary business expenses, including, but not limited to, reimbursement for tools and equipment, cell phone use, and other expenses.

35.     Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. In violation of the Labor Code, Plaintiffs and Class Members were not provided with accurate itemized wage statements.

36.     Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did not receive payment of all wages within permissible time periods.

37.     Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiffs and Class Members, and Defendants

had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

38.    Therefore, Plaintiffs bring this lawsuit seeking monetary and injunctive relief against Defendants on behalf of themselves and all Class Members to recover, among other things, unpaid wages (including minimum wages, double time wages, and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments, interest, attorneys' fees, penalties, costs, and expenses.

<div align="center">

**FIRST CAUSE OF ACTION**

**<u>FAILURE TO PAY MINIMUM WAGES</u>**

</div>

(Violation of Labor Code §§ 1182.12, 1194, 1194.2, 1197; Violation of IWC Wage Order §3-4)

39.    Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

40.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

41.    During the relevant time period, Defendants paid Plaintiffs and Class Members less than minimum wages when they failed to pay proper compensation for all hours worked. To the extent these hours do not qualify for the payment of overtime, Plaintiffs and Class Members were not being paid at least the lawful minimum wage for their work.

42.    During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiffs and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

43.    Defendants' failure to pay Plaintiffs and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

///

///

44.    Pursuant to Labor Code § 1194.2, Plaintiffs and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

<div align="center">

**SECOND CAUSE OF ACTION**

**<u>FAILURE TO PAY OVERTIME</u>**

</div>

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

45.    Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

46.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

47.    Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiffs and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

48.    The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiffs and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

49.    California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

<div align="center">CLASS ACTION COMPLAINT</div>

50.     Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

51.     Plaintiffs and Class Members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

52.     During the relevant time period, Defendants required Plaintiffs and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or for a seventh consecutive day in a workweek without paying Plaintiffs and Class Members proper overtime wages for their work.

53.     During the relevant time period, Defendants failed to pay Plaintiffs and Class Members overtime wages for all overtime hours worked when Plaintiff and Class Members worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or for a seventh consecutive day of work in a workweek, or when Plaintiffs and Class Members worked in excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a work week.

54.     In violation of state law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiffs and Class Members for all wages earned and all hours worked.

55.     Defendants' failure to pay Plaintiffs and Class Members the unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

56.     Pursuant to Labor Code § 1194, Plaintiffs and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### **FAILURE TO PROVIDE MEAL PERIODS**

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

57.    Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein

58.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

59.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

60.    Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

61.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

62.    During the relevant time period, Plaintiffs and Class Members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

63.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

64.    At all relevant times, Defendants failed to pay Plaintiffs and Class Members meal period premiums for missed, late, short, and/or interrupted meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

65.    As a result of Defendants' failure to pay Plaintiffs and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiffs and Class Members suffered and continue to suffer a loss of wages and compensation.

<div align="center">

**FOURTH CAUSE OF ACTION**

**<u>FAILURE TO PERMIT REST BREAKS</u>**

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

</div>

66.    Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

67.    Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

68.    Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

69.    During the relevant time period, Plaintiffs and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods, were not permitted to take timely rest periods, and/or were not authorized to take their rest periods.

70.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

71.    At all relevant times, Defendants failed to pay Plaintiffs and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

72.    As a result of Defendants' failure to pay Plaintiffs and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiffs and Class Members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES**

**(Violation of Labor Code §§ 2800, 2802)**

73.    Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

74.    Labor Code § 2800 states that an employer shall in all cases indemnify his employee for losses.

75.    Labor Code § 2802 requires employers to indemnify their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

76.    Section 9 of the applicable IWC Wage Order states that when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer.

77.    During the relevant time period, Defendants required Plaintiffs and class members to incur expenses without properly compensating them for such expenses.

78.    In violation of Labor Code §§ 2800 and 2802, Defendants failed to indemnify Plaintiff and class members for these expenses.

79.    In committing the violations as herein alleged, Defendants have intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related costs and expenses. As a direct result, Plaintiffs and class members have suffered and continue to suffer substantial losses relating to the use and enjoyment of such expenses.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Violation of Labor Code § 226)

80.    Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

81.    Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following:

(1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

82.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiffs and Class Members. Defendants provided Plaintiffs and Class Members with wage statements that were missing or inaccurately stated one or more of the following items: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and/or (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

83.    As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiffs and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiffs and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiffs and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements,

Defendants prevented Plaintiffs and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiffs have had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

84.    Plaintiffs and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

85.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiffs and Class Members from knowing, understanding, and disputing the wages paid to them and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, in the exact amount of damages and/or penalties to be shown according to proof at trial.

86.    Class Members that are still employed by Defendants are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226. Accordingly, affected Class Members seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## SEVENTH CAUSE OF ACTION

## <u>FAILURE TO PAY TIMELY DURING EMPLOYMENT</u>

(Violation of Labor Code §§ 201.3, 204, 210)

87.    Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

88.    Pursuant to California Labor Code §§ 201.3 and 204, employees must be paid within a certain number of days of the close of the pay period.

89.    During the relevant time period, Defendants failed to timely pay Plaintiffs and Class Members wages earned during the pay period.

90.    Such a pattern, practice and uniform administration of corporate policy regarding timely payment of wages as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 210.

91.    As a direct and proximate cause of these violations, Class Members have been damaged, in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

(Violation of Labor Code §§ 201, 202, and 203)

92.    Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

93.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

94.    During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, including, but not limited to, proper minimum wage and overtime compensation, meal period premiums, and rest period premiums either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

95.     Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

96.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

97.     Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

## NINTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

(Violation of Business and Professions Code §§ 17200, *et seq.*)

98.     Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

99.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

100.     A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiffs and Class Members to suffer and continue to suffer injuries-in-fact.

101.     Defendants' policies and practices violated state law in at least the following respects:

(a) Failing to pay all wages earned (including minimum wage, sick pay, double time, and overtime wages) to Plaintiffs and Class Members among other violations, in violation of Labor Code §§ 246, 510, 1182.12, 1194, 1194.2, 1197, and 1198.

(b) Failing to pay wages timely to Plaintiffs and Class Members during employment in violation of Labor Code §§ 201.3 and 204.

(c)  Failing to pay Plaintiffs and Class Members wages in a medium negotiable and payable in cash, on demand, without discount in violation of Labor Code §§ 212 and 213.

(d) Failing to pay all overtime wages at the proper rate to Plaintiffs and Class Members in violation of Labor Code §§ 510, 1194 and 1198;

(e) Failing to provide compliant meal periods without paying Plaintiffs and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

(f) Failing to authorize or permit compliant rest breaks without paying Plaintiffs and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

(g) Failing to reimburse Plaintiff and class members for necessary business expenses, in violation of Labor Code §§ 2800 and 2802.

(h) Failing to provide Plaintiffs and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

(i) Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, 203, 227.3.

102.    As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner, all in order to decrease their costs of doing business and increase their profits.

103.    At all relevant times herein, Defendants held themselves out to Plaintiffs and Class Members as being knowledgeable concerning the labor and employment laws of California.

104.    At all times relevant herein, Defendants intentionally avoided paying Plaintiffs and Class Members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

105.    As a result of Defendants' intentional, willful, purposeful, and wrongful misrepresentation of their conformance with the California Labor Code and IWC Wage Orders, Plaintiffs and Class Members suffered a loss of wages and monies, all in an amount to be shown according to proof at trial.

106.    By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq*.

107.    As a result of the unfair and unlawful business practices of Defendants, as alleged herein, Plaintiffs and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

108.    Plaintiffs seek to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiffs, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiffs and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

Plaintiffs, as individuals and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification under California Code of Civil Procedure § 382 of the proposed Class, Waiting Time Subclass, and any other appropriate subclasses;

2.    For appointment of Brandon Mangold and Antar Morrar as the class representatives;

3.    For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4.    For compensatory damages in an amount according to proof at trial;

5.      For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties;

6.      For economic and/or special damages in an amount according to proof at trial;

7.      For liquidated damages pursuant to Labor Code § 1194.2;

8.      For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.      For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12.     For pre-judgment interest;

13.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5, Labor Code §§ 226(e), 1194; and

14.     For such other relief as the Court deems just and proper.

Dated: April 27, 2022          **AEGIS LAW FIRM, PC**

By: _____
Jessica L. Campbell
Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial with respect to all issues triable of right by jury.

Dated: April 27, 2022          **AEGIS LAW FIRM, PC**

By: _____
Jessica L. Campbell
Attorneys for Plaintiffs

-21-

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| Jessica L. Campbell, Esq. (SBN: 280626), AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100, Irvine, CA 92618<br><br>TELEPHONE NO.: 949.379.6250    FAX NO. *(Optional)*: 949.379.6251<br>E-MAIL ADDRESS: jcampbell@aegislawfirm.com<br>ATTORNEY FOR *(Name)*: Plaintiffs Brandon Mangold and Antar Morrar | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 4/27/2022 3:30 PM<br>Reviewed By: R. Walker<br>Case #22CV397331<br>Envelope: 8853523** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown

CASE NAME:
Brandon Mangold and Antar Morrar v. Bucher and Christian Consulting, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>22CV397331 |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2.  This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
    b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    c. [x] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify)*: Nine
5.  This case [x] is    [ ] is not    a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 27, 2022
Jessica L. Campbell

_____    ►    *(signature)*
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CM-010**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA  95113**

CASE NUMBER: _____

22CV397331

<div style="border:1px solid black">

## PLEASE READ THIS ENTIRE FORM

</div>

**PLAINTIFF** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued):  **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2.  You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

    **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:**  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):**  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

    *You or your attorney must appear at the CMC.*  *You may ask to appear by telephone – see Local Civil Rule 8.*

<div style="border:1px solid black">

Your Case Management Judge is: Hon. Patricia M. Lucas _____ **Department:** 3 _____

The 1st **CMC is scheduled for:** (Completed by Clerk of Court)
    **Date:** 08/31/22 _____ **Time:** 2:30 pm _____ in **Department:** 3 _____

The next **CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)
    **Date:** _____ **Time:** _____ in **Department:** _____

</div>

**ALTERNATIVE DISPUTE RESOLUTION (ADR):**  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

22CV397331
Santa Clara – Civil

R. Fleming

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br> Telephone No: 949. 379.6250 | | *For Court Use Only* |
|---|---|---|
| Attorney For:  Plaintiff | *Ref. No. or File No.:*<br>1068 | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 6/7/2022 12:18 PM<br>Reviewed By: R. Fleming<br>Case #22CV397331<br>Envelope: 9158133** |

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| *Plaintiff:* | BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf of all others similarly situated |
| *Defendant:* | BUCHER AND CHRISTIAN CONSULTING, INC.; et al. |

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>22CV397331 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline; Alternative Dispute Resolution Information Sheet

3.  *a.*  Party served:      BC FORWARDING LLC
    *b.*  Person served:    BERENA BARAJAS, Agent for Service of Process

4.  *Address where the party was served:*    2493 Roll Dr., 210-554, San Diego, CA 92154

5.  *I served the party:*
    b. **by substituted service.**    On: Thu, Jun 02 2022 at: 02:10 PM I left the documents listed in item 2 with or in the presence of:
    Blanca "Doe", Clerk
    *(Age: 60s; Ethnicity: Hispanic; Gender: Female; Weight: 140; Height: 5'4"; Hair: Brown; Eyes: Brown)*

    (1)  [X]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
    (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
    (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
    (4)  [X]  **(Declaration of Mailing)** is attached.
    (5)  [ ]  **(Declaration of Diligence)** attached stating actions taken first to attempt personal service.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]    as an individual defendant.
    b.  [ ]    as the person sued under the fictitious name of *(specify)*:
    c.  [ ]    as occupant.
    d.  [X]    On behalf of *(specify)*:    BC FORWARDING LLC
        under the following Code of Civil Procedure section:

    | | |
    |---|---|
    | [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
    | [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
    | [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
    | [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
    | [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
    | [X] other:   limited liability company | |



| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No: 949. 379.6250<br><br>  Attorney For:  Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.:<br>1068 | |

| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SANTA CLARA |
|---|
| Plaintiff:  BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf<br>          of all others similarly situated<br>Defendant:  BUCHER AND CHRISTIAN CONSULTING, INC.; et al. |

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
   a.  Name:              Mark Brown
   b.  Address:        **FIRST LEGAL**
                        600 W. Santa Ana Blvd., Ste. 101
                        SANTA ANA, CA 92701
   c.  Telephone number:    (714) 541-1110
   d.  **The fee** for service was:   $47.60
   e.  I am:
      (1) ☐  not a registered California process server.
      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒  a registered California process server:
          (i) ☐ owner ☐ employee ☒ independent contractor
          (ii)  Registration No:  1865
          (iii)  County:  San Diego

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

06/06/2022
_____
(Date)

_____
Mark Brown


Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS

7164757
(11789531)
Page 2 of 2

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No: 949. 379.6250 | For Court Use Only |
|---|---|

| Attorney For: Plaintiff | Ref. No. or File No.:<br>1068 | |
|---|---|---|

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA

Plaintiff: BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf
of all others similarly situated
Defendant: BUCHER AND CHRISTIAN CONSULTING, INC.; et al.

| PROOF OF SERVICE<br>By Mail | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

1. *I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline; Alternative Dispute Resolution Information Sheet

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:
   a. Date of Mailing: Fri, Jun 3, 2022
   b. Place of Mailing: SANTA ANA, CA 92701
   c. Addressed as follows: BC FORWARDING LLC
   2493 Roll Dr., 210-554, San Diego, CA 92154

4. *I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Fri, Jun 3, 2022 in the ordinary course of business.*

Recoverable cost Per CCP 1033.5(a)(4)(B)

5. *Person Serving:*
   a. DAVID LEDESMA (2891, Orange County)
   **b. FIRST LEGAL**
   600 W. Santa Ana Boulevard, Suite 101
   SANTA ANA, CA 92701
   c. (714) 541-1110

d. *The Fee* for Service was: $47.60
e. I am: Not a Registered California Process Server

6. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

06/06/2022

_____
(Date)

_David Ledesma_

_____
David Ledesma



22CV397331
Santa Clara – Civil
R. Fleming

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No: 949. 379.6250<br><br>  Attorney For:  Plaintiff | For Court Use Only<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 6/7/2022 11:23 AM<br>Reviewed By: R. Fleming<br>Case #22CV397331<br>Envelope: 9157196** |
|---|---|

| Ref. No. or File No.:<br>1068 | |
|---|---|

**Insert name of Court, and Judicial District and Branch Court:**
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA

| Plaintiff: | BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf of all others similarly situated |
|---|---|
| Defendant: | BUCHER AND CHRISTIAN CONSULTING, INC.; et al. |

| **PROOF OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline; Alternative Dispute Resolution Information Sheet

3.  a.  *Party served:*    BCFORWARD RAZOR, LLC
    b.  *Person served:*   Lai Saevang, CSC Lawyers Incorporating Service, Registered Agent

4.  *Address where the party was served:*   2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Tue, May 31 2022 (2) at *(time)*: 03:40 PM

    (1)  [ X ]  **(business)**
    (2)  [   ]  **(home)**
    (3)  [   ]  **(other)** :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [   ]  as an individual defendant.
    b.  [   ]  as the person sued under the fictitious name of *(specify)*:
    c.  [   ]  as occupant.
    d.  [ X ]  On behalf of *(specify)*:   BCFORWARD RAZOR, LLC
        under the following Code of Civil Procedure section:
        [   ]  416.10 (corporation)                     [   ]  415.95 (business organization, form unknown)
        [   ]  416.20 (defunct corporation)             [   ]  416.60 (minor)
        [   ]  416.30 (joint stock company/association) [   ]  416.70 (ward or conservatee)
        [   ]  416.40 (association or partnership)       [   ]  416.90 (authorized person)
        [   ]  416.50 (public entity)                   [   ]  415.46 (occupant)
        [ X ]  other:   limited liability company

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

7164739
*(11789529)*
Page 1 of 2

FL FIRST LEGAL

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Telephone No: 949. 379.6250<br>Attorney For: Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.:<br>1068 | |

| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SANTA CLARA |
|---|

| Plaintiff: | BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf<br>of all others similarly situated |
|---|---|
| Defendant: | BUCHER AND CHRISTIAN CONSULTING, INC.; et al. |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a.  Name:       Michael Morris
   b.  Address:     **FIRST LEGAL**
                     600 W. Santa Ana Blvd., Ste. 101
                     SANTA ANA, CA 92701
   c.  Telephone number:   (714) 541-1110
   d.  **The fee** for service was:   $47.60
   e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
          (i)  ☐ owner   ☐ employee   ☒ independent contractor
          (ii)  Registration No:   2012-33
          (iii)  County:   Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

                        06/06/2022
                          (Date)                          Michael Morris


Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7164739
(11789529)
Page 2 of 2

R. Fleming

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Telephone No: 949. 379.6250 | *For Court Use Only*<br><br>**Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 6/7/2022 12:18 PM** |

*Attorney For:* Plaintiff

*Ref. No. or File No.:*
1068

**Reviewed By: R. Fleming**
**Case #22CV397331**
**Envelope: 9158133**

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA

*Plaintiff:* BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf of all others similarly situated
*Defendant:* BUCHER AND CHRISTIAN CONSULTING, INC.; et al.

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>22CV397331 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline; Alternative Dispute Resolution Information Sheet

3. *a.* Party served:    BC FORWARDING LLC
   *b.* Person served:   BERENA BARAJAS, Agent for Service of Process

4. *Address where the party was served:*   2493 Roll Dr., 210-554, San Diego, CA 92154

5. *I served the party:*
   b. **by substituted service.**   On: Thu, Jun 02 2022 at: 02:10 PM I left the documents listed in item 2 with or in the presence of:
   Blanca "Doe", Clerk
   *(Age: 60s; Ethnicity: Hispanic; Gender: Female; Weight: 140; Height: 5'4"; Hair: Brown; Eyes: Brown)*

   (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [X] **(Declaration of Mailing)** is attached.
   (5) [ ] **(Declaration of Diligence)** attached stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ]    as an individual defendant.
   b. [ ]    as the person sued under the fictitious name of *(specify):*
   c. [ ]    as occupant.
   d. [X]   On behalf of *(specify):*   BC FORWARDING LLC
           under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
   | [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
   | [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
   | [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
   | [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
   | [X] other:   limited liability company | |


Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
**SUMMONS**

*7164757*
*(11789531)*
Page 1 of 2

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No: 949. 379.6250 | | For Court Use Only |
|---|---|---|
|  Attorney For:  Plaintiff | Ref. No. or File No.:<br>1068 | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SANTA CLARA | | |
| Plaintiff:  BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf<br>          of all others similarly situated<br>Defendant:  BUCHER AND CHRISTIAN CONSULTING, INC.; et al. | | |

| **PROOF OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
   a.  Name:                     Mark Brown
   b.  Address:                 **FIRST LEGAL**
                                        600 W. Santa Ana Blvd., Ste. 101
                                        SANTA ANA, CA 92701
   c.  Telephone number:    (714) 541-1110
   d.  **The fee** for service was:   $47.60
   e.  I am:
       (1) ☐   not a registered California process server.
       (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
       (3) ☒   a registered California process server:
             (i)  ☐ owner  ☐ employee  ☒ independent contractor
             (ii)  Registration No:  1865
             (iii)  County:  San Diego

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 06/06/2022 | | |
|---|---|---|
| *(Date)* | | *Mark Brown* |



Judicial Council Form POS-010          **PROOF OF SERVICE**                    7164757
Rule 2.150.(a)&(b) Rev January 1, 2007            **SUMMONS**                     *(11789531)*
                                                                                                      Page 2 of 2

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No: 949. 379.6250<br><br>  Attorney For:   Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.:<br>1068 | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SANTA CLARA | | |
| Plaintiff:   BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf<br>                of all others similarly situated<br>Defendant:   BUCHER AND CHRISTIAN CONSULTING, INC.; et al. | | |

| **PROOF OF SERVICE**<br>**By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

1.   *I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.*

2.   I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline; Alternative Dispute Resolution Information Sheet

3.   By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:
a. Date of Mailing: Fri, Jun 3, 2022
b. Place of Mailing: SANTA ANA, CA 92701
c. Addressed as follows: BC FORWARDING LLC
                2493 Roll Dr., 210-554, San Diego, CA 92154

4.   *I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Fri, Jun 3, 2022 in the ordinary course of business.*

5. **Person Serving:**
   a. DAVID LEDESMA (2891, Orange County)
   **b. FIRST LEGAL**
     600 W. Santa Ana Boulevard, Suite 101
     SANTA ANA, CA 92701
   c. (714) 541-1110

Recoverable cost Per CCP 1033.5(a)(4)(B)

   d. *The Fee* for Service was: $47.60
   e. I am: Not a Registered California Process Server

6.   *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

_____06/06/2022_____          _____
                (Date)                                                David Ledesma



22CV397331
Santa Clara – Civil                                                      R. Fleming

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Telephone No: 949. 379.6250 | *For Court Use Only*<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 6/7/2022 11:10 AM<br>Reviewed By: R. Fleming<br>Case #22CV397331<br>Envelope: 9156986** |

Attorney For:  Plaintiff

*Ref. No. or File No.:*
1068

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA

Plaintiff:  BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf
of all others similarly situated
Defendant:  BUCHER AND CHRISTIAN CONSULTING, INC.; et al.

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>22CV397331 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline; Alternative Dispute Resolution Information Sheet

3. *a.   Party served:*       BUCHER AND CHRISTIAN CONSULTING, INC.
   *b.   Person served:*    Lai Saevang, CSC Lawyers Incorporating Service, Registered Agent

4. *Address where the party was served:*    2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

5. *I served the party:*
   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
   service of process for the party (1) on *(date):* Tue, May 31 2022 (2) at *(time):* 03:40 PM
   (1)   [ X ]   **(business)**
   (2)   [   ]   **(home)**
   (3)   [   ]   **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.   [   ]   as an individual defendant.
   b.   [   ]   as the person sued under the fictitious name of *(specify):*
   c.   [   ]   as occupant.
   d.   [ X ]   On behalf of *(specify):*   BUCHER AND CHRISTIAN CONSULTING, INC.
   under the following Code of Civil Procedure section:

   | | | |
   |---|---|---|
   | [ X ] 416.10 (corporation) | | [   ] 415.95 (business organization, form unknown) |
   | [   ] 416.20 (defunct corporation) | | [   ] 416.60 (minor) |
   | [   ] 416.30 (joint stock company/association) | | [   ] 416.70 (ward or conservatee) |
   | [   ] 416.40 (association or partnership) | | [   ] 416.90 (authorized person) |
   | [   ] 416.50 (public entity) | | [   ] 415.46 (occupant) |
   | [   ] other: | | |

FL
FIRST LEGAL

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No: 949. 379.6250<br><br>  Attorney For:   Plaintiff | *Ref. No. or File No.:*<br>1068 | *For Court Use Only* |
|---|---|---|

| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SANTA CLARA | |
|---|---|
| *Plaintiff:*  BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf<br>                 of all others similarly situated<br>*Defendant:*  BUCHER AND CHRISTIAN CONSULTING, INC.; et al. | |

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>22CV397331 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a.  Name:               Michael Morris
   b.  Address:          **FIRST LEGAL**
                            600 W. Santa Ana Blvd., Ste. 101
                            SANTA ANA, CA 92701
   c.  Telephone number:   (714) 541-1110
   d.  **The fee** for service was:  $133.50
   e.  I am:
      (1)  [ ]  not a registered California process server.
      (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
      (3)  [X]  a registered California process server:
          (i)   [ ] owner   [ ] employee   [X] independent contractor
          (ii)  Registration No:  2012-33
          (iii)  County:  Sacramento

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

                                           06/06/2022
                                            *(Date)*                                      *Michael Morris*


Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7164731
*(11789505)*
Page 2 of 2

22CV397331
Santa Clara – Civil
R. Fleming

| Attorney or Party without Attorney:<br>Kashif Haque (SBN 218672)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  Telephone No:  949. 379.6250<br><br>  Attorney For:   Plaintiff | For Court Use Only<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 6/8/2022 4:13 PM<br>Reviewed By: R. Fleming<br>Case #22CV397331<br>Envelope: 9173298** |
|---|---|

| | Ref. No. or File No.:<br>1068 | |
|---|---|---|

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA

Plaintiff:   BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf
of all others similarly situated
Defendant:   BUCHER AND CHRISTIAN CONSULTING, INC.; et al.

| **PROOF OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV397331 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline; Alternative Dispute Resolution Information Sheet

3.  *a.   Party served:*      GAINWELL TECHNOLOGIES LLC
    *b.   Person served:*    Diana Ruiz, CT Corporation System, Registered Agent.

4.  *Address where the party was served:*    330 N Brand Blvd., Suite 700, Glendale, CA 91203

5.  *I served the party:*
    a. **by personal service.**    I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* Tue, May 31 2022 (2) at *(time):* 12:40 PM

    (1)  [ X ]   **(business)**
    (2)  [   ]   **(home)**
    (3)  [   ]   **(other)** :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [   ]   as an individual defendant.
    b.  [   ]   as the person sued under the fictitious name of *(specify):*
    c.  [   ]   as occupant.
    d.  [ X ]   On behalf of *(specify):*   GAINWELL TECHNOLOGIES LLC
       under the following Code of Civil Procedure section:

    | [   ] 416.10 (corporation) | [   ] 415.95 (business organization, form unknown) |
    |---|---|
    | [   ] 416.20 (defunct corporation) | [   ] 416.60 (minor) |
    | [   ] 416.30 (joint stock company/association) | [   ] 416.70 (ward or conservatee) |
    | [   ] 416.40 (association or partnership) | [   ] 416.90 (authorized person) |
    | [   ] 416.50 (public entity) | [   ] 415.46 (occupant) |
    | [ X ] other:   limited liability company | |

FL FIRST LEGAL

| Attorney or Party without Attorney: Kashif Haque (SBN 218672) AEGIS LAW FIRM, PC 9811 Irvine Center Drive, Suite 100 Irvine, California 92618 Telephone No: 949. 379.6250 | | *For Court Use Only* |
|---|---|---|
| Attorney For: Plaintiff | *Ref. No. or File No.:* 1068 | |

| Insert name of Court, and Judicial District and Branch Court: SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SANTA CLARA | | | | |
|---|---|---|---|---|
| *Plaintiff:* BRANDON MANGOLD and ANTAR MORRAR, as individuals and on behalf of all others similarly situated *Defendant:* BUCHER AND CHRISTIAN CONSULTING, INC.; et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number: 22CV397331 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
    a.  Name:                Douglas Forrest
    b.  Address:             **FIRST LEGAL**
                             1517 W. Beverly Blvd.
                             LOS ANGELES, CA 90026
    c.  Telephone number:    (213) 250-1111
    d.  **The fee** for service was:   $103.25
    e.  I am:
        (1) ☐   not a registered California process server.
        (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒   a registered California process server:
            (i)  ☐ owner  ☐ employee  ☒ independent contractor
            (ii)  Registration No:  5141
            (iii)  County:  Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*



|                          |                          |
|--------------------------|--------------------------|
| 06/08/2022               |                          |
| *(Date)*                 | *Douglas Forrest*        |

