**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRANDON MANGOLD, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**BUCHER AND CHRISTIAN CONSULTING, ET AL.,**<br><br>Defendants. | Case No.  4:22-cv-03862-YGR<br><br>**ORDER TO SHOW CAUSE RE: CAFA JURISDICTION; VACATING CASE MANAGEMENT CONFERENCE** |

TO ALL PARTIES AND COUNSEL OF RECORD:

YOU ARE HEREBY ORDERED TO SHOW CAUSE IN WRITING why this case should not be remanded to the Superior Court of the State of California for the County of Santa Clara for defendants' failure to establish that jurisdiction is proper pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

There is no dispute that "CAFA vests federal courts with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of a state different from any defendant; and (3) there are at least 100 class members." *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (citation omitted).  Nevertheless, "Congress provided exceptions to CAFA jurisdiction," including the so-called "local controversy exception" and the mandatory "home state exception[.]" *Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020).

With respect to the local controversy exception, courts "shall decline to exercise jurisdiction" when, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed[,]" 28 U.S.C. § 1332(d)(4)(A), "the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state." *Adams*, 958 F.3d at 1220 (citing 28 U.S.C. § 1332(d)(4)(A)). As to the mandatory home state exception, district courts "shall decline to exercise jurisdiction"

when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *Adams*, 958 F.3d at 1220.

In connection with the pending motion to remand, there is no dispute that the putative class consists of "[a]ll California citizens currently or formerly employed by Defendant as non-exempt employees in the State of California[.]" (Notice of Removal ¶ 3; Compl. ¶ 20.) While the class definition only refers to a single defendant, the complaint alleges that "[a]t all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged." (Compl. ¶ 16.) Having closely considered the record, defendant BCForward Razor, LLC has not sufficiently alleged the citizenship of the parties and the Court has questions as to whether the instant action is barred by the local controversy exception and/or the mandatory home state exception.

Notably, the notice of removal employs the wrong standard for alleging the citizenship of limited liability companies. Specifically, it alleges that "[l]imited liability companies have the citizenship of all of their owners/members[.]" (Notice of Removal ¶ 6 (internal quotations omitted).) However, under CAFA, a limited liability company is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C § 1332(d)(10); *see Davis v. HSBC Bank Nev.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (recognizing that CAFA dissolved the traditional rule that an unincorporated association shares the citizenship of its members for the purpose of diversity). With respect to defendant Gainwell Technologies LLC, the notice of removal alleges the citizenship of Gainwell Technologies LLC's sole member, Gainwell Acquisition Corporation, but not the citizenship of Gainwell Technologies LLC within CAFA's requirements. This may be significant in whether the Court can appropriately exercise subject matter jurisdiction. The Declaration of Teresa W. Ghali attached to the notice of removal provides that "Gainwell is a California limited liability company," suggesting that it is organized under the laws of California. (Dkt. No. 1-1, Declaration of Teresa W. Ghali at ¶ 9.)

Based upon the foregoing, Gainwell Technologies LLC is likely a citizen of California for

purposes of the CAFA inquiry.  Since a defendant is a citizen of California, the local controversy exception and/or the mandatory home state exception may be a jurisdictional bar to removal, especially where all underlying conduct and class appear tied to California.

Accordingly, it is **HEREBY ORDERED** that:

1. **By no later than October 14, 2022**, all defendants shall show cause in writing why this action should not be remanded for the reasons noted above.  Sufficient proof shall be provided to establish by preponderance of the evidence that this action was properly removed within the meaning of CAFA.  Failure to respond to this Order by the deadline set forth above will be construed as a concession that removal was improper, and that remand is appropriate.

2. Plaintiff may file a reply to the defendants' responses and this Order **by no later than October 21, 2022.**

3. To the extent the parties confer and agree that removal was improper, a stipulation to remand can be filed in lieu of responses.  Counsel are reminded of their Rule 11 obligations.

4. The initial case management conference set for Monday, October 3, 2022, is hereby **VACATED** pending resolution of the jurisdictional issues.

**IT IS SO ORDERED.**

Dated: October 3, 2022

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**